NOT FOR PUBLICATION

```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JANET FRANCIS | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 05-4882 (JBS) |
| v. |  |
| JOINT FORCE HEADQUARTERS NATIONAL GUARD, et al., | **OPINION** |
| Defendants. |  |

APPEARANCES:

Ms. Janet Francis
79 Westwind Way
Westampton, NJ 08060
     Pro Se Plaintiff

Dorothy J. Donnelly, Assistant U.S. Attorney
United States Attorney's Office
402 East State Street
Room 430
Trenton, NJ 08608
     Attorney for Defendants

**SIMANDLE**, District Judge:

     This matter comes before the Court upon (1) the motion of Plaintiff Janet Francis for entry of default and default judgment and (2) the cross-motion to dismiss by Defendants Joint Force Headquarters National Guard, the Department of the Army and numerous members of the New Jersey National Guard.  For the reasons set forth below, Plaintiff's motion for the entry of default and default judgment will be denied because Plaintiff has

failed to demonstrate that the Defendants upon which the entry of default is sought have either (1) been properly served or (2) have failed to answer Plaintiff's Complaint in a timely fashion. In addition, Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) will be granted as (1) Plaintiff is barred from bringing an action for damages against her fellow National Guardsmen, the National Guard or the Department of the Army under the doctrine of intramilitary immunity and (2) this Court declines to intrude on the internal personnel decision-making process of the military.

**I.    BACKGROUND**

    **A.    Facts**

The plaintiff is Janet Francis ("Plaintiff"), a former federal military technician with the New Jersey Army National Guard. On December 11, 2005, Plaintiff filed suit against a number of defendants including Joint Force Headquarters National Guard (the "National Guard"), the Department of the Army and a number of individuals that this Court assumes are members of the New Jersey National Guard including Kathy McCready, Lieutenant Colonel Lawlor, Major General Reith, General F. Carlini, Colonel Guareno, Lieutenant Colonel Schepens, Colonel Stephen Hines, Ms. Evelsizer, Donald Ballard, Major Beale, Warrant Officer Conley,

Colonel Kent Milliken, Major Perron and Colonel Thomas Sullivan (collectively, the "Defendants.").[1]

Acting pro se, Plaintiff filed an amended complaint with this Court on October 28, 2005 (the "Amended Complaint.") Although Plaintiff's specific allegations are not entirely clear, she appears to claim harassment, discrimination, breach of contract, defamation and retaliation for a complaint filed with the Equal Employment Opportunity Commission. (Amended Complaint.) The Amended Complaint appears also to assert claims that Defendants denied Plaintiff promotions and seeks relief from a number of personnel actions taken against Plaintiff either in her status as a federal technician pursuant to 32 U.S.C. § 708 (i.e., a federal employee of the Department of the Army assigned to work with the New Jersey National Guard) or as a uniformed military member of the National Guard.

B.  **Procedural History**

Because an issue in this case is when certain Defendants were served and whether they were properly served, the Court will

---

[1] The Complaint lists several Defendants by their surnames alone. As the first names of these defendants do not appear in the caption or anywhere else in the record, this Court will refer to these Defendants by last name. The individual defendants -- Kathy McCready, Lieutenant Colonel Lawlor, Major General Reith, General F. Carlini, Colonel Guareno, Lieutenant Colonel Schepens, Colonel Stephen Hines, Ms. Evelsizer, Donald Ballard, Major Beale, Warrant Officer Conley, Colonel Kent Milliken, Major Perron and Colonel Thomas Sullivan shall be referred to collectively as the "Individual Defendants."

briefly discuss when the various Defendants were served with Plaintiff's Complaint.  On November 28, 2005, approximately one month after Plaintiff filed the Amended Complaint, Plaintiff served the United States Attorney's office in Camden New Jersey.  (Pl.'s Mot. for Default Judgment, Ex. H.)  The Individual Defendants were served in either October or November, 2005, but it does not appear that any of the Individual Defendants were served properly as they were not personally served.[2]  The Department of the Army was served on November 2, 2005.  The Attorney General of the United States was served on February 6, 2006.

On January 31, 2006, Plaintiff filed for entry of default against all Defendants.  However, Plaintiff amended its motion for entry of default and included a motion for entry of default judgment on February 16, 2006.[3]  On February 23, 2006, Defendants filed (1) a motion to dismiss for lack of subject matter jurisdiction, and (2) entered a limited appearance to contest service for the Individual Defendants, the Department of the Army and the National Guard.

---

[2] This issue will be discussed further in Section II.B, infra.

[3] Because Plaintiff filed an amended motion for entry of default and default judgment on February 16, 2006 [Docket Item No. 7] that amended Plaintiff's motion for entry of default [Docket Item No. 5], this Court will deny Plaintiff's initial motion for entry of default [Docket Item No. 5] as moot.

4

## II. **MOTION FOR DEFAULT**

Under Fed. R. Civ. P. 55, the entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the clerk of the court "enter...the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Timely serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b), for example, would preclude entry of default. See R. Bartkus, N.J. Federal Civil Procedure, § 17-3:2, at 437-38 (1999).

Plaintiff filed motions for entry of default against the Defendants on January 31, 2006 and an amended motion for entry of default and motion for default judgment on February 16, 2006. In her motion papers for her amended motion, Plaintiff claims that (1) Defendants were properly served when Plaintiff served a copy of Plaintiff's summons and Complaint upon the United States Attorneys Office on November 28, 2005 and (2) that Defendants have failed to answer Plaintiff's amended Complaint by January 28, 2006 despite having been adequately served with Plaintiff's Complaint.

Defendants respond be arguing that, in the case of the United States Department of the Army and the National Guard, Defendants have "otherwise defended" the Complaint as

contemplated by Rule 55(a), Fed. R. Civ. P., by timely filing a motion to dismiss and therefore entry of default is inappropriate.  Specifically, Defendants argue that service on both the Department of the Army and the National Guard was not effected until Plaintiff served a copy of her summons and Complaint on the Attorney General of the United States on February 6, 2006 and that Defendants timely filed a motion to dismiss for lack of jurisdiction on February 23, 2006, well within the Defendants' time to answer or otherwise defend against the Complaint.  With respect to the Individual Defendants, Defendants argue that entry of default is inappropriate because Plaintiff has yet to properly serve the Individual Defendants in compliance with Rule 4(i), Fed R. Civ. P.

**A.   The Department of the Army and National Guard**

The primary issue for the Court is to determine when Plaintiff effectuated service on the Department of the Army and the National Guard and then, to determine whether the Defendants' reply in a form of a motion to dismiss was timely.  According to Rule 4(i), a party serving the United States, its agencies or employees must first (1) properly service the United States (in compliance with Fed. R. Civ. P. 4(i)(1)) <u>and</u> then (2) send a copy of the summons to the government agency or employee who is a Defendant in the action.  Fed. R. Civ. P. 4(i).  In order to properly serve the United States, a plaintiff must (a) deliver a

6

copy of the summons and complaint to the United States Attorney for the district in which the action is brought and (b) send a copy of the summons and of the complaint to the Attorney General of the United States in Washington, District of Columbia.  See Fed. R. Civ. P. 4(i)(1)(A), (B).[4]

In this case, Plaintiff served the United States Attorneys Office, the Department of the Army and the National Guard in either October or November of 2005.  However, Plaintiff did not serve the Attorney General of the United States until February 6, 2006, thereby not effectuating proper service under Rule 4(i) until that date.  The Defendants, then, responded in a timely

---

[4]   Fed. R. Civ. P. 4(i) states, in pertinent part:

Serving the United States, Its Agencies, Corporations, Officers, or Employees.

    (1) Service upon the United States shall be effected

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

manner when they entered a limited appearance to move to dismiss on February 23, 2006.  Because Defendants, on behalf of the Department of the Army and the National Guard, made a limited appearance and moved to dismiss on February 23, 2006, the United States has indeed appeared or "otherwise defended" in the action for the purposes of the Federal Rules of Civil Procedure. See, e.g., Hudson v. State of N.C., 158 F.R.D. 78 (E.D.N.C. 1994) ("The filing of a motion to dismiss constitutes defending an action within the meaning of Rule 55(a).") (citing Wickstrom v. Ebert, 101 F.R.D. 26, 33 (E.D. Wis. 1984)); see also Francis v. Joint Force Headquarters, No. 05-4484, slip op. at 16 (D.N.J. April 10, 2006)(Kugler, J.)  As such, the motion for entry of default is inappropriate as to the Department of the Army and the National Guard.

**B.   The Individual Defendants**

Plaintiff's motion for entry of default and motion for default judgment must also be denied as to the Individual Defendants.  In order to properly serve an employee or officer of the United States, Plaintiff must also serve the Attorney General of the United States.  See Fed. R. Civ. P. 4(i)(2)(A).[5]  As

---

[5] Specifically, Fed. R. Civ. P. 4(i)(2)(A) states, in pertinent part:

> Service upon an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed in Rule

discussed in Section II.A, supra, Plaintiff only properly served the Attorney General of the United States on February 6, 2006. Therefore, in entering a limited appearance on in order to move to dismiss on February 23, 2006, the Individual Defendants are deemed to have timely answered or otherwise defended Plaintiff's motion for entry of default.  As such, the motion for entry of default is inappropriate as to the Individual Defendants.

This Court also finds that Plaintiff failed to properly serve the Individual Defendants.  Specifically, Rule 4(e)(1), Fed. R. Civ. P. authorizes the use of any means of service provided by the law of the state in which service is to be effected as well as the law of the forum state.  See Fed. R. Civ. P. 4(e)(1).  In an action filed in the District of New Jersey, such as this one, service may be effected pursuant to New Jersey Rule 4:4-4.[6]  See R. Bartkus, N.J. Federal Civil Procedure, § 2-

---

> 4(i)(1) [see footnote 2, supra] and by also sending a copy of the summons and of the complaint by registered or certified mail to the officer, employee, agency or corporation....

Id.

[6] New Jersey Rule 4:4-4 states, in pertinent part:

> Service of summons, writs and complaints shall be made as follows:
>
> (a) Primary Method of Obtaining In Personam Jurisdiction. The primary method of obtaining in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State pursuant to R.4:4-3, as follows:

2:3.2a, at 34-35.  Federal Rule 4(e)(2) provides that an individual must be served by delivering the summons "to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode."  Fed. R. Civ. P. 4(e).  Mailing the summons and complaint to or leaving the summons and complaint at a defendant's place of business will not satisfy either Fed. R. Civ. P. 4(e)(1) or New Jersey Rule 4:4-4(a).  See Guyette v. Stauffer Chem. Co., 518 F. Supp. 521, 527 (D.N.J. 1981); Wohlegmuth v. 560 Ocean Club, 302 N.J. Super. 306, 309 (App. Div. 1997).

Here, Plaintiff mailed the summons and a copy of the Complaint to each of the Individual Defendants' place of business.  Moreover, here there is no evidence that any Individual Defendant actually received the mail.  Such actions fail to comply with either Fed. R. Civ. P. 4(e)(1) or New Jersey Rule 4:4-4(a) and accordingly, this Court can not find that any of the Individual Defendants have been properly served.

---

>   (1) Upon a competent individual of the age of 14 or over, by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf;

10

**III. <u>DEFENDANTS' CROSS-MOTION TO DISMISS</u>**

Next, this Court will address Defendants' motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).  On a motion to dismiss, the Court must read a <u>pro se</u> plaintiff's factual allegations liberally and must apply a less stringent pleading standard than if the plaintiff was represented by counsel.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Nonetheless, when a motion to dismiss is made pursuant to Rule 12(b)(1), Fed. R. Civ. P., the motion may properly raise a factual issue as to the Court's jurisdiction over the complaint. <u>See</u> <u>Mortensen v. First Federal Savings & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977); <u>accord</u> <u>Berardi v. Swanson Memorial Lodge No. 48</u>, 920 F.2d 198, 200 (3d Cir. 1990).  No presumption of truthfulness attaches to the allegations of the complaint in as far as the allegations concern subject matter jurisdiction, and the "plaintiff will have the burden of proof that jurisdiction does in fact exist."  <u>Mortensen</u>, 549 F.2d at 891.

Here, reading the Complaint liberally, it appears that Plaintiff is seeking damages with respect to her claims of denial of rights under the Freedom of Information Act, "reprisal," harassment, discrimination, denial of "equal employment opportunity," retaliation, breach of contract and defamation. (Amended Complaint.)  In addition, Plaintiff also appears to seek relief in the form of this Court ordering the National Guard

or Department of the Army to take certain personnel actions in response to Plaintiff's claims that Defendants did not "give[] a hearing for...adverse action[s] against" her, denied her promotions, failed to complete the procedures outlined in "NGR 600-22/ANGI 36-3," failed to "meet [the] time frame to investigate [Plaintiff's] complaint," "wasn't given military duties," and "tamper[ed] with federal investigation of her complaints...."[7]  (Amended Complaint.)

### A.   Plaintiff's Claims for Damages

In their motion to dismiss, Defendants first argue that this Court lacks jurisdiction over allegations of military personnel matters where a plaintiff's requested relief is damages. According to Defendants, in Feres v. United States, 340 U.S. 135 (1950), the Supreme Court announced the doctrine of intramilitary immunity that operates to bar servicemembers from recovering damages for injuries sustained "incident to [the servicemember's]

---

[7]  Specifically, Plaintiff demands that:

> [She] [b]e promoted with [her] rank back dated to [her] date of rank...[be provided with] back pay and interests of pay adjustments according to VI of the Civil Rights Act, [that Defendants] remove all negative allegations from [her] military personal folder, [that Defendants] allow [her] to find a unit to transfer to, [and that Defendants] delet[e] from NGB records...any adverse materials and memorandum of reprimands relating to the discrimination personnel practice.

(Amended Complaint.)

12

service." 340 U.S. 135, 146 (1950). According to Defendants, the Feres doctrine bars Plaintiff's suit against the Department of the Army, the National Guard and the Individual Defendants. As such, Defendants urge this Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff has failed to respond to Defendants' motion to dismiss and thus, this Court will consider Defendants' motion unopposed.

### 1. Plaintiff's Employment Status

The first step in the analysis of whether Plaintiff's claims are barred by the doctrine of intramilitary immunity is to determine the employment status of Plaintiff. In Jorden v. National Guard Bureau, 799 F.2d 99 (3d Cir. 1986), the Third Circuit Court of Appeals addressed the issue of whether a National Guard officer was susceptible to suits by guardsmen for damages and injunctive relief. The Jorden court began by reviewing the structure of the National Guard, noting that the National Guard has an "unusual hybrid status as an agency with both federal and state characteristics." Id. at 101. (internal citation omitted). In addition, "[t]he Guard's status is further complicated by its having a mixture of military and civilian elements" and that the National Guard "hires full-time civilian technicians...[and] in order to be eligible for a technician position, one must be a Guard military member." Id. citing 32 U.S.C. § 709(b).

13

Here, Plaintiff holds dual civilian and military positions within the Department of the Army and the New Jersey National Guard. As such, she is required to serve as a member of the Army National Guard and hold the military grade specified for the civilian position. Id.

### 2. The Doctrine of Intramilitary Immunity Bars Plaintiff's Claims for Damages

In a series of cases, the Supreme Court has severely limited military servicemember's ability to recover damages in a military context. See Feres, 340 U.S. 135 (1950). Specifically, under the Feres doctrine, "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to military service." The concept of what is "incident to military service," according to Defendants, has broadened with subsequent court decisions and the Feres doctrine now (1) bars recovery for damages even where injury was due to the negligence of persons outside the military and (2) applies to injured National Guardsmen. See Stencel Aero Engineering Corp. v. United States, 431 U.S. 666 (1977). Indeed, in Chappell v. Wallace, the Supreme Court held that enlisted military personnel may not maintain lawsuits to recover damages from superior officers for alleged Constitutional violations because "the need for unhesitating and decisive action by military officers and equally disciplined responses by enlisted personnel [that] would be

14

undermined by a judicially created remedy exposing officers to personal liability at the hands of those they are charged to command." 462 U.S. 296, 305 (1983); see also Jorden, 799 F.2d at 110.

In Jorden, the Third Circuit affirmed a district court's dismissal of damages claims of an Air National Guard technician who brought a civil rights action against his civilian supervisors. See 799 F.2d at 100. The plaintiff in Jorden alleged that his supervisors -- who were also his military superior officers -- had engaged in a conspiracy to harass him and to discharge him on the basis of race. Id. at 102. In its holding, the Jorden court "extended Chappell's prohibition of damages actions against federal military officers for violation of constitutional rights to Section 1983 damages against State military officers [i.e.,] those in the National Guard." Urie v. Roche, 209 F. Supp. 2d 412, 417 (D.N.J. 2002)(citing Jorden, 799 F.2d at 102.) According to Urie, "[t]he Third Circuit broadly read Chappell as a per se bar on damages actions by military personnel against superior officers for constitutional violations." Id. Applying the holding of Jorden to a Title VII claim against the New Jersey Air National Guard, the Urie court stated that "[n]othing in [the] Jorden opinion tends to indicate that the Third Circuit would limit its holding to [civil rights

15

actions but rather] the court seemed to project a fairly broad view of this form of intramilitary immunity doctrine." Id.

The present case is indistinguishable from Jorden. As a civilian technician employed pursuant to 32 U.S.C. § 709, Plaintiff is both a federal employee employed by the Department of the Army and a uniformed military member of the New Jersey National Guard. Thus, she is a member of the United Stats military. Moreover, it appears that Plaintiff brought this action against either her superior officers or other members of the New Jersey National Guard and the Department of the Army. Under the rule in Jorden, such an action is barred by the doctrine of intramilitary immunity and this Court must dismiss Plaintiff's claims for damages for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

### B. Plaintiff's Claims for Relief in the Form of Personnel Action

Next, Defendant argue that this Court lacks jurisdiction to adjudicate Plaintiff's claims regarding the personnel actions taken against Plaintiff. Specifically, Plaintiff seeks (1) "a hearing for the adverse action [Defendants have taken] against" her and (2) remedies for denied promotions, Defendants' failure to complete the procedures outlined in "NGR 600-22/ANGI 36-3" and Defendants' failure to "meet time frame to investigate complaint." (Amended Complaint) Plaintiff also seeks this Court's intervention to remedy the fact that Plaintiff "wasn't

given military duties," and that Defendants "tamper[ed] with federal investigation of her complaints...."  (Id.)  In sum, Plaintiff's Complaint appears to allege discriminatory personnel actions on the part of Defendants.

Defendants argue that the military is "a unique environment" has is "highly regulated and with extensive review processes." (Def.'s Br. at 15.)  As such, according to Defendants, this Court should find this matter non-justiciable and dismiss Plaintiff's Complaint rather than "thrust[ing] [itself] deep into the internal decision-making of the military."  (Def.'s Br. at 14.)

This Court agrees with Defendants and will not venture into the realm of decision-making that is properly left to the military.  In dismissing Plaintiff's claims regarding Defendants' personnel actions, this Court, as it must, follows the holding of Chappell in refraining from interfering in a personnel decision made by the National Guard.  Specifically, the Supreme Court held that:

> Civilian courts must hesitate long before entertaining a suit which asks the court to tamper with the established relationship between enlisted military personnel and their superior officers [because] that relationship is at the heart of the necessary unique structure of the military establishment.

Chappell, 462 U.S. at 300.  This rule was further clarified in Meir v. Owens, 57 F.3d 747, 749 (9th Cir. 1995) in which the Ninth Circuit Court of Appeals stated that "[c]ourts regularly decline to hear lawsuits involving personnel actions integrally

17

related to the military's unique structure" and that "[m]ilitary promotion is one of the most obvious examples of a personnel action that is integrally related to the military structure." Meir, 57 F.3d at 749-50; see also Luckett v. Bure, 290 F.3d 493, 498 (2d Cir. 2002); Willis v. Roche, 2006 U.S. Dist. LEXIS 16119 (E.D. Pa. Aug. 8, 2005).  As such, the Court will decline to intrude on the personnel decisions of the New Jersey National Guard and as such, will dismiss Plaintiff's claims as non-justiciable.[8]

## IV.  CONCLUSION

For the reasons set forth above, this Court will deny Plaintiff's motion for the entry of default and default judgment. The Court finds that Plaintiff has failed to demonstrate that all Defendants have either been properly served or have failed to answer or otherwise defend against the Complaint in a timely fashion making the entry of default or default judgment inappropriate.  In addition, the Court will grant Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) because the doctrine of intramilitary immunity bars Plaintiff from recovering damages against her fellow National Guardsmen, the National Guard

---

[8] In their motion papers, Defendants state that Plaintiff has not alleged or apparently tried to obtain a remedy for certain personnel complaints through the Army Board of Correction of Military Records (the "Board of Correction").  (Def.'s Br. at 14 citing 10 U.S.C. § 1552, et seq.)  According to Defendants, the Board of Correction can correct personnel actions such as those pled by Plaintiff.

or the Department of the Army and (2) this Court declines to intrude on the internal personnel decision-making process of the military.

**September 19, 2006**                          **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                                   United States District Judge