IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JANET FRANCIS, | : | HON. JEROME B. SIMANDLE |
| Plaintiff, | : | Civil No. 05-4882 (JBS) |
| v. | : |  |
| JOINT FORCE HEADQUARTERS NATIONAL GUARD, et al., | : | **OPINION** |
| Defendants. | : |  |

APPEARANCES:

Ms. Janet Francis
79 Westwind Way
Westampton, NJ 08060
      Plaintiff pro se

Allan B.K. Urgent, AUSA
OFFICE OF THE UNITED STATES ATTORNEY
970 Broad Street
Suite 700
Newark, NJ 07102
      Attorney for Defendants

**SIMANDLE**, District Judge:

This matter is before the Court upon Defendants' motions for a more definite statement [Docket Item 49] and to dismiss the individually named Defendants for failure to serve process [Docket Item 58], and Plaintiff's motion for the entry of default [Docket Item 55]. As the following discussion indicates, while this case is more than two years old, Plaintiff has yet in her pleadings to set forth sufficient facts for Defendants to file a responsive pleading. For the reasons set forth herein, the Court will grant Defendants' motion for a more definite statement, deny

without prejudice Defendants' motion to dismiss the individually named Defendants, and deny Plaintiff's motion seeking the entry of default.

I.   **BACKGROUND**

   A.   **Facts**

   Plaintiff Janet Francis, who filed this lawsuit <u>pro</u> <u>se</u> but for whom pro bono counsel has recently been appointed, is a former federal military technician with the New Jersey Army National Guard.  She filed this lawsuit on October 11, 2005, naming as Defendants the Joint Force Headquarters National Guard (the "National Guard"), the Department of the Army, and a number of individuals whom the Court assumes are members of the New Jersey National Guard.[1]  (Am. Compl. at 1.)

   Plaintiff's Complaint and Amended Complaint contain almost no factual allegations, but her claims appear to center around allegedly discriminatory and otherwise unlawful employment actions taken by Defendants.  The paragraph of the Amended Complaint entitled "Cause of Action," in which Plaintiff attempts

_____

   [1]  The Complaint and Amended Complaint list several Defendants by their surnames alone.  As the first names of these Defendants do not appear in the caption or anywhere else in the record, the Court will refer to these Defendants by last name. The individually named Defendants – Kathy McCready, Lieutenant Colonel Lawlor, Major General Reith, General F. Carlini, Colonel Guareno, Lieutenant Colonel Schepens, Colonel Stephen Hines, Ms. Evelsizer, Donald Ballard, Major Beale, Warrant Officer Conley, Colonel Kent Milliken, Major Perron and Colonel Thomas Sullivan – will be referenced collectively as the "Individual Defendants."

to set forth her claims, reads in its entirety:

> Denied me the right to Freedom of Information Act (FOIA), Reprisal, Harassment, discrimination, not given an equal employment opportunity, retaliation, wasn't given a hearing for the adverse action against me, Breach of contract, defamation of character, denied promotion, didn't complete the procedures outlined in NGR 600-22/ANGI 36-3, didn't meet time frame to investigate complaint, unauthorized officer filed documents.

(Am. Compl. at 1-2.)  The Amended Complaint also contains the phrase "add to cause of action: conspiracy . . ."[2]  (Id. at 1.) Apart from this recitation of claims, the Amended Complaint contains no factual allegations.

### B.   Procedural History

Plaintiff filed her Complaint in this action [Docket Item 1] on October 11, 2005, and filed an Amended Complaint [Docket Item 2] on October 28, 2005.  In an Affidavit submitted in support of her first motion for the entry of default and default judgment [Docket Item 7-2], Plaintiff asserts that she attempted to serve

---

[2]  The Amended Complaint also sets forth Plaintiff's demand for the relief to which she believes she is entitled as follows:

> Be promoted with my rank back dated to my date of rank (August 26, 2001), back pay and interests of pay adjustments according to VI of the Civil Rights Act, remove all negative allegations from my military person[nel] folder, allow me to find a unit to transfer to, deletion from NGB records of any adverse materials and memorandum of reprimands relating to the discrimination personnel practice.  Have compensatory damages in the amount of $2,800,000.00 awarded to me.

(Am. Compl. at 2.)

the nine Individual Defendants named in the original Complaint[3]
by mailing copies of the summons and Complaint via certified mail
to the Individual Defendants' (apparent) respective places of
employment.  (Francis Aff. ¶ 5.)  None of Plaintiff's receipts
from these certified mailings were signed by any of the
Individual Defendants.  (Docket Item 7, Ex. E.)  After Plaintiff
filed the Amended Complaint naming five additional Individual
Defendants,[4] summonses were issued as to these Defendants, but
nothing in the record indicates that Plaintiff attempted to serve
these additional Individual Defendants.  Plaintiff did, however,
serve the United States Attorney's Office in Camden, New Jersey
on November 28, 2005, and subsequently effected service upon the
Attorney General of the United States.  (Docket Item 7, Exs. A,
I.)

     Thereafter, Plaintiff moved for entry of default and default
judgment against Defendants, and Defendants moved to dismiss.  In
an Opinion and Order entered on September 19, 2006 [Docket Items
15 and 15], the Court denied Plaintiff's motion for the entry of

---

     [3]  The nine Individual Defendants named in the original
Complaint are: Kathy McCready, Lieutenant Colonel Lawlor, Major
General Reith, General F. Carlini, Colonel Guareno, Lieutenant
Colonel Schepens, Colonel Stephen Hines, Ms. Evelsizer, and
Donald Ballard.  (Compl. at 1.)

     [4]  The five Individual Defendants added in the Amended
Complaint are: Major Beale, Warrant Officer Conley, Colonel Kent
Milliken, Major Perron and Colonel Thomas Sullivan.  (Am. Compl.
at 1.)

default and default judgment and granted Defendants' motion to

dismiss.  Regarding Plaintiff's motion, the Court found that the

Government Defendants – the Department of the Army and the

National Guard – had "made a limited appearance and moved to

dismiss . . . [and had thus] appeared or 'otherwise defended' in

the action for the purposes of the Federal Rules of Civil

Procedure."  (Docket Item 14 at 8.)

The Court further found that default judgment as to the

Individual Defendants was unwarranted because Plaintiff had

failed to effect proper service upon any of the Individual

Defendants, stating:

> Rule 4(e)(1), Fed. R. Civ. P. authorizes the use of any
> means of service provided by the law of the state in
> which service is to be effected as well as the law of the
> forum state.  See Fed. R. Civ. P. 4(e)(1).  In an action
> filed in the District of New Jersey, such as this one,
> service may be effected pursuant to New Jersey Rule
> 4:4-4.  See R. Bartkus, N.J. Federal Civil Procedure, §
> 2-2:3.2a, at 34-35.  Federal Rule 4(e)(2) provides that
> an individual must be served by delivering the summons
> "to the individual personally or by leaving copies
> thereof at the individual's dwelling house or usual place
> of abode."  Fed. R. Civ. P. 4(e).  Mailing the summons
> and complaint to or leaving the summons and complaint at
> a defendant's place of business will not satisfy either
> Fed. R. Civ. P. 4(e)(1) or New Jersey Rule 4:4-4(a).  See
> Guyette v. Stauffer Chem. Co., 518 F. Supp. 521, 527
> (D.N.J. 1981); Wohlegmuth v. 560 Ocean Club, 302 N.J.
> Super. 306, 309 (App. Div. 1997).
>
> Here, Plaintiff mailed the summons and a copy of the
> Complaint to each of the Individual Defendants' place of
> business.  Moreover, here there is no evidence that any
> Individual Defendant actually received the mail.  Such
> actions fail to comply with either Fed. R. Civ. P.
> 4(e)(1) or New Jersey Rule 4:4-4(a) and accordingly, this
> Court can not find that any of the Individual Defendants

have been properly served.

(Id. at 9-10.)

The Court then granted Defendants' motion to dismiss, pursuant to Rule 12(b)(1), Fed. R. Civ. P.  The Court held that under Jorden v. National Guard Bureau, 799 F.2d 99 (3d Cir. 1986), the doctrine of intramilitary immunity barred Plaintiff from recovering damages against her fellow National Guardsmen, the National Guard or the Department of the Army.  As to Plaintiff's remaining claims arising out of the National Guard's and the Army's personnel actions, the Court, citing the Supreme Court's admonition that "[c]ivilian courts must hesitate long before entertaining a suit which asks the court to tamper with the established relationship between enlisted military personnel and their superior officers," Chappell v. Wallace, 462 U.S. 296, 300 (1983), declined to intrude on the internal personnel decision-making process of the military, and granted Defendants' motion to dismiss.

Plaintiff appealed the Court's decision to the Court of Appeals, which, on March 3, 2008, entered an order affirming in part and denying in part this Court's judgment.  (App. No. 06-4246, Mar. 3, 2008 Opinion and Judgment.)  The Court of Appeals held that this Court "properly rejected plaintiff's motion for entry of default," and likewise affirmed the Court's dismissal of

Plaintiff's claims for monetary relief.[5]  (Id. at 3.)  With regard to Plaintiff's claims for injunctive relief, the Court of Appeals found that "Francis's claims for injunctive relief were not barred by the intramilitary immunity doctrine and should not have been dismissed under Rule 12(b)(1)."  (Id. at 4.)  The court accordingly remanded the matter to this Court for further proceedings as to Plaintiff's claims for injunctive relief,[6]

---

[5]  Regarding this Court's determination regarding Plaintiff's failure to effectuate proper service, the court stated that the "conclusion that some of defendants were never properly served also appears to be correct; however, we need not reach that issue here."  (App. No. 06-4246, Mar. 3, 2008 Opinion at 3 n.3.)

[6]  In a long string of letters [Docket Items 45-48, 53, 54, 60], Plaintiff, misunderstanding the Court of Appeals' decision, has urged this Court to enforce an order for injunctive relief that she mistakenly believes was issued by the Court of Appeals. This Court responded to Ms. Francis' letters in a letter dated May 19, 2008, informing Plaintiff that

> there is no "injunctive relief order" in this case.  The Third Circuit did not grant any injunctive relief, and the Third Circuit's Opinion and Order make clear that the previous Order dismissing plaintiff's claim for injunctive relief was reversed and remanded for further proceedings.  That means, in plain language, Ms. Francis' claim for injunctive relief was kept alive so that she can pursue injunctive relief in the district court.  Whether plaintiff is entitled to injunctive relief remains to be determined upon a properly-noticed motion for preliminary or final injunctive relief under Rule 65, Fed. R. Civ. P., and Local Civil Rule 65.1.

(Docket Item 50 at 1.)
The Court's effort to explain this matter to Ms. Francis appears to have fallen on deaf ears, in that she has continued to operate under the misapprehension that the Court of Appeals granted her injunctive relief, as her recent letters demonstrate. Once again, the Court emphasizes to Plaintiff that the Court of

noting that, upon remand, "the District Court may wish to examine the complaint for compliance with Federal Rule of Civil Procedure 8." (Id.)

After this docket was reopened, Defendants moved for a more definite statement and to dismiss Plaintiff's claims against the Individual Defendants, and Plaintiff moved for the appointment of pro bono counsel and once again moved for entry of default.  On September 24, 2008, Magistrate Judge Donio entered an order [Docket Item 61] granting Plaintiff's motion for the appointment of pro bono counsel from the Civil Pro Bono Panel.[7]  The Court addresses Defendants' motions for a more definite statement and to dismiss Plaintiff's claims against the Individual Defendants and Plaintiff's motion for the entry of default in turn below.

## II. DISCUSSION

### A.   Motion for More Definite Statement

Defendants have moved, pursuant to Rule 12(e), Fed. R. Civ. P., for a more definite statement, arguing that Plaintiff's

---

Appeals simply determined that her request for injunctive relief should not have been dismissed, and that it could proceed before this Court.  The Court of Appeals did not determine that Plaintiff was entitled to injunctive relief; it only determined that she was entitled to further pursue her claim for such relief before this Court and seek to prove her entitlement to injunctive relief.  All claims for monetary relief, however, have been dismissed, as affirmed by the Court of Appeals.

[7]  The Clerk's search for pro bono counsel pursuant to the Sept. 24, 2008 Order is in process but no new counsel has appeared as of this date.

Amended Complaint is "so vague or ambiguous that [they] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  In particular, Defendants argue that the complete absence of factual allegations in the Amended Complaint prevents them from being able to answer Plaintiff's charges accurately and in good faith. Defendants further argue that the contents of the Amended Complaint are inadequate to satisfy Rule 8(a)(1)'s requirement that a pleading contain a statement of the "grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), in that Plaintiff has failed to identify any basis for the Court to conclude that the federal agencies named as Defendants waived the Government's sovereign immunity.  Finally, Defendants argue that Plaintiff should be required to "state [her] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b), so that Defendants can respond meaningfully to Plaintiff's allegations.

The Court agrees with Defendants that the inadequacies of Plaintiff's Amended Complaint prevent them from "reasonably prepar[ing] a response," Fed. R. Civ. P. 12(e), and will accordingly order that Plaintiff file an amended pleading that complies with the Federal Rules of Civil Procedure.  Under our notice pleading standards, although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

labels and conclusions, and a formulaic recitation of the
elements of a cause of action will not do." <u>Bell Atlantic Corp.
v. Twombly</u>, 127 S. Ct. 1955, 1964-1965 (2007) (internal
quotations and citations omitted).

> "[S]tating . . . a claim requires a complaint with <u>enough
> factual matter</u> (taken as true) to suggest" the required
> element. [<u>Twombly</u>, 127 S. Ct. at 1965 n.3.]  This "does
> not impose a probability requirement at the pleading
> stage, but instead "simply calls for <u>enough facts</u> to
> raise a reasonable expectation that discovery will reveal
> evidence of" the necessary element.  <u>Id.</u>

<u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008)
(emphasis added) (internal quotations and citations omitted).

As Defendants correctly argue, Plaintiff's Amended Complaint
is bereft of facts.  Plaintiff simply sets forth a laundry list
of nonspecific grievances – e.g., "Reprisal, Harassment,
discrimination," (Am. Compl. at 1) – without including any
factual allegations sufficient to suggest "that the pleader is
entitled to relief" on any of her claims.  <u>Twombly</u>, 127 S. Ct. at
1964-1965.  The Court of Appeals has explained that "[w]hen a
complaint fashioned under a notice pleading standard does not
disclose the facts underlying a plaintiff's claim for relief, the
defendant cannot reasonably be expected to frame a proper [answer
or defense]." <u>Thomas v. Independence Tp.</u>, 463 F.3d 285, 301 (3d
Cir. 2006).  Courts in this Circuit have ordered parties to
provide more definite statements where "the allegations of a
complaint are not sufficiently specific to enable a defendant to

determine the propriety of interposing in his answer a waivable
defense, or where, in the absence of certain information
peculiarly within the knowledge of the plaintiff, the defendant
cannot, in good faith, answer the complaint with a general
denial." Clark v. McDonald's Corp., 213 F.R.D. 198, 233 (D.N.J.
2003) (citations omitted).  In light of the total absence of
factual allegations from the Amended Complaint from which the
Defendants might divine what each Defendant allegedly did to
Plaintiff and how Plaintiff was harmed by such conduct, the Court
finds that Defendants "cannot reasonably prepare a response" to
the allegations in the Amended Complaint.  Fed. R. Civ. P. 12(e).

     The Amended Complaint is likewise deficient in that it fails
to provide an adequate "statement of the grounds for the court's
jurisdiction," as Rule 8(a)(1) plainly requires.  Fed. R. Civ. P.
8(1).  In an apparent effort at compliance with Rule 8(a)(1),
Plaintiff asserts that the Court's jurisdiction "depends on the
geographic area of Burlington County falling under Camden County
district."  (Am. Comp. at 1.)  While this statement speaks to
whether venue was properly laid in this District, it does not
address whether the Court may exercise subject matter
jurisdiction over Plaintiff's claims against Defendants.  This is
a critical consideration here in view of the long-established
rule that "absent a waiver, sovereign immunity shields the
Federal Government and its agencies from suit." Federal Deposit

Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994) (noting as well that "[s]overeign immunity is jurisdictional in nature. Indeed, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit") (internal quotations and citations omitted).  Plaintiff, who, under Judge Donio's September 24, 2008 Order [Docket Item 63], will soon be represented by pro bono counsel, will accordingly be required to amend her pleadings to state the grounds under which she believes this Court may exercise jurisdiction over her claims.  See Fed. R. Civ. P. 8(1).

Finally, Defendants are correct that Plaintiff's Amended Complaint fails to "state [her] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  While this defect in itself is comparatively minor in light of the glaring factual and jurisdictional shortcomings addressed above, the Court agrees with Defendants that Plaintiff's failure to comply with Rule 10(b), in conjunction with these Rule 8 deficiencies, inhibits their ability to reasonably respond to Plaintiff's allegations. See 5A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1322 (3d ed. 2001) (noting that the purpose of Rule 10(b) is "to produce a lucid pleading").  In her amended pleading, Plaintiff should set forth each of her claims in numbered paragraphs, and should indicate which claims

are asserted against which Defendants.

In summary, the Court will grant Defendants' motion for a more definite statement pursuant to Rule 12(e), Fed. R. Civ. P. Plaintiff must file an amended complaint that conforms with the requirements articulated in the Federal Rules of Civil Procedure and the directives set forth herein within twenty (20) days of the entry of appearance of pro bono counsel, or the Court will "strike the pleading" and dismiss this case.  Fed. R. Civ. P. 12(e).  In particular, Plaintiff's amended pleading should set forth, in separately numbered paragraphs, facts as to each claim and each Defendant sufficient to suggest that Plaintiff is entitled to the relief she seeks, as well as a statement of the grounds on which this Court may exercise subject matter jurisdiction over Plaintiff's claims.

### B.   Motion to Dismiss Individual Plaintiffs

In light of the recent appointment of pro bono counsel, the Court will deny without prejudice Defendants' motion to dismiss the Individual Defendants.  It is true that in its September 19, 2006 Opinion, this Court held that "Plaintiff failed to properly serve the Individual Defendants."  (Docket Item 14 at 9.)  The Court of Appeals, without specifically reaching the matter, observed that this Court's "conclusion that some of defendants were never properly served . . . appears to be correct."  (App. No. 06-4246, Mar. 3, 2008 Opinion at 3 n.3.)  Under Rule 4(m),

13

Fed. R. Civ. P.,[8] dismissal of the Individual Defendants appears to be called for here.

Out of an abundance of caution, however, the Court will deny this motion without prejudice to renewal upon the appointment of pro bono counsel and Plaintiff's counsel's filing of a second amended complaint.  While the Court is doubtful that there is "good cause for the failure" to serve the Individual Defendants to warrant enlarging the period for service in this nearly three-year-old case,[9] Fed. R. Civ. P. 4(m), in light of the imminent appointment of counsel and the forthcoming amendment to Plaintiff's Complaint,[10] the Court will deny without prejudice

---

[8]  Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

[9]  It should be noted that a "pro se litigant's ignorance of the rules does not constitute good cause sufficient to excuse a failure to timely serve process."  Thomas v. United States, No. 05-332, 2007 WL 3231786, at *4 (D.N.J. Oct. 30, 2007).  Moreover, "the running of the statute of limitations does not require the district court to extend time for service of process."  Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1306 (3d Cir. 1995).

[10]  In light of the fact that the only claims remaining in this case are for injunctive, rather than monetary, relief, (App.

Defendants' motion to dismiss the Individual Defendants.

### C.   Motion for Entry of Default

Finally, Plaintiff's motion for entry of default will be denied.  The Court addressed the merits of a motion seeking identical relief in its September 19, 2006 Opinion and Order, and held that Defendants had "made a limited appearance and moved to dismiss . . . [and had thus] appeared or 'otherwise defended' in the action for the purposes of the Federal Rules of Civil Procedure."  (Docket Item 14 at 8.)  This portion of the Court's Opinion was upheld by the Court of Appeals, which held that held that this Court "properly rejected plaintiff's motion for entry of default."  (App. No. 06-4246, Mar. 3, 2008 Opinion at 3.)  In light of this Court's prior decision and the ruling of the Court of Appeals, Plaintiff's suggestion that Defendants have failed to defend in this action is untenable.  The motion for entry of default will be denied.

### III. CONCLUSION

For the reasons explained above, the Court will grant Defendants' motion for a more definite statement, deny without prejudice Defendants' motion to dismiss the Individual Defendants, and deny Plaintiff's motion for the entry of default. Plaintiff's new counsel shall file a second amended complaint

---

No. 06-4246, Mar. 3, 2008 Opinion at 4), Plaintiff and her attorney may wish to reevaluate whether to include any Individual Defendants in her amended pleading.

consistent with the foregoing discussion within twenty (20) days
of new counsel's entry of an appearance.  The accompanying Order
will be entered.


__**October 7, 2008**__                    __ **s/ Jerome B. Simandle**     __
Date                                       JEROME B. SIMANDLE
                                           United States District Judge

16