```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JANET FRANCIS, | |
|         Plaintiff, | Civil No. 05-4882 (JBS) |
|   v. | |
| JOINT FORCE HEADQUARTERS NATIONAL GUARD, et al., | **ORDER REGARDING<br>PRO BONO REPRESENTATION** |
|         Defendants. | |

    This matter comes before the Court upon the letter of Plaintiff, Janet Francis, dated November 19, 2008 [Docket Item 79] in which she declines the representation of Frank L. Corrado, Esquire, as her pro bono counsel, as well as Mr. Corrado's letter, dated November 21, 2008, seeking leave to withdraw as appointed counsel; and

    The Court finds:

    1.  On September 23, 2008, the Honorable Ann M. Donio, U.S. Magistrate Judge, granted Plaintiff's application for appointment of pro bono counsel in this civil case pursuant to 28 U.S.C. § 1915(e)(1).

    2.  In accordance with court procedures set forth in Appendix H of the Local Civil Rules, entitled "Appointment of Attorneys in Pro Se civil Actions," the case was referred to the Clerk of Court for appointment of an attorney from the civil Pro Bono Panel.  Appendix H, ¶ 4(d).  Although Appendix H also would permit the Judge to appoint pro bono counsel directly, id., in

this case the office of the Clerk of Court handled the selection of counsel from the Pro Bono Panel and all communications with the prospective pro bono counsel, and the undersigned had no such communications with counsel.

     3.   On October 14, 2008, the Clerk of Court advised Ms. Francis that attorney Myles Seidenfrau of the Wolf Block firm was appointed as pro bono counsel.  [Docket Item 64]

     4.   On October 23, 2008, Ms. Francis wrote to the undersigned, requesting appointment of a different attorney. [Docket Item 65]  Ms. Francis stated that she had spoken with Mr. Seidenfrau and that she was asking him not to enter an appearance in her case because she was not comfortable with his approach to the case.  (Id.)  On October 24, 2008, Mr. Seidenfrau wrote to the Deputy Clerk, Marnie Maccariella, to advise her that he regretted he could not proceed as pro bono counsel because Ms. Francis told him she does not want him to represent her.  (This letter was not docketed because Mr. Seidenfrau had not entered an appearance in the case, but the undersigned received and considered the copy which Mr. Seidenfrau sent.[1]  Ms. Francis sent

---

[1] Curiously, Ms. Francis, in a letter of November 10, 2008, [Docket Item 73] criticizes the Deputy Clerk for not filing Mr. Seidenfrau's letter.  A letter pertaining to efforts to appoint pro bono counsel, when received from an attorney who is declining the case, is not normally docketed because the attorney has not entered an appearance and is therefore not counsel in the case. The Clerk's office did nothing improper in not filing Mr. Seidenfrau's letter upon the docket.  Ms. Francis' letter of November 10, 2008 [Docket Item 73] also incorrectly alleges that

2

Mr. Seidenfrau another letter, dated October 27, 2008, which was also filed with the Clerk. [Docket Item 68] This letter also expresses Ms. Francis' desire that Mr. Seidenfrau not represent her. (Id.)

5.   The undersigned responded by letter dated October 30, 2008 [Docket Item 70]. This letter indicated that the Court "will make one final attempt to locate pro bono counsel for Ms. Francis," to voluntarily assist her in her case. (Id.)

6.   On November 7, 2008, the Clerk's office sent a letter to Ms. Francis informing her that Frank Corrado, Esquire was being appointed to represent her. [Docket Item 71]

7.   On November 10, 2008, Ms. Francis filed a letter complaining that the Clerk's letter didn't advise her of Mr. Corrado's name and phone number. [Docket Item 71.] The Clerk's letter of November 7 had indeed advised Ms. Francis of Mr. Corrado's name, and the name and address of his law firm, although it lacked his phone number. Meanwhile, Mr. Corrado, together with Joshua Donohue of his firm, entered an appearance on November 10, 2008. [Docket Item 72.]

8.   On November 20, 2008, Ms. Francis sent a letter to the undersigned by fax, dated November 19, 2008, indicating that she is not willing to accept Mr. Corrado's appointment as her pro

---

Mr. Seidenfrau's letter was also "admitting he isn't knowledgeable to handle this case per his words." In fact, Mr. Seidenfrau's letter says no such thing.

3

bono attorney. Her letter criticizes Mr. Corrado for entering his appearance and alleges that Mr. Corrado and I had a conversation in regards to plaintiff's case. Ms. Francis' allegation is false -- I have never spoken with Mr. Corrado about his appointment in this case or any aspect of this case. It is apparent that ms. Francis has rejected Mr. Corrado's assistance in this case for her own reasons.

    9. On November 24, 2008, the Court received a letter from Mr. Corrado, dated November 21, 2008 (received on November 24, 2008 and entered on the docket on November 25, 2008) [Docket Item 82], asking the Court's permission to withdraw as counsel for Ms. Francis. It appears that Mr. Corrado had entered his appearance upon is receipt of the Clerk of Court's appointment letter, and that he considered it a directive of the Court. Under the procedures of the Local Civil Rules, App. H, ¶ 4(g), the Clerk sends written notice of the appointment to the selected law firm, together with other documents. The rule provides, "upon receipt of such notice, the appointed attorney shall promptly review the matter and enter an appearance in the action." Id., ¶ 4(g). Thus, it was proper for Mr. Corrado and Mr. Donohue to enter an appearance upon receipt of the appointment letter.

    10. Mr. Corrado's letter of November 21, 2008, together with Ms. Francis' letters of November 19, 2008, show good cause for relief from this appointment under App. H, ¶ 5(a). The Court

will grant permission to Mr. Corrado and his law firm to withdraw as counsel.

    11.  The Court will not direct the Clerk to make more efforts to recruit and appoint pro bono counsel in this case, as those efforts have been exhaustive already.  Ms. Francis has made unfounded accusations against the Clerk's office and both volunteer attorneys who had been appointed to assist her from the Pro Bono Panel.  The appointment of counsel is a privilege in a civil case, and the pool of volunteer pro bono attorneys is neither wide nor deep.  The Clerk's Office has expended two months of efforts in finding pro bono counsel for Plaintiff.  Other civil cases also await pro bono appointments, with the demand always exceeding the supply of volunteers who are willing and able to tackle federal civil litigation at no cost to the plaintiff.

    12.  Nor is a third effort to appoint pro bono counsel compelled by the Local Civil Rules.  Paragraph 5(e) of App. H provides:  "If an application for relief from appointment is consented to or granted, the Judge may appoint or direct the Clerk to appoint another attorney from the panel to represent the party."  The Judge has discretion to do so, as such an appointment may or may not be made.  There have already been two appointments that were unacceptable to Ms. Francis for reasons that make little sense.  In this instance, given the unwarranted

acrimony and suspicion directed by Ms. Francis to the appointment process and to the two appointed law firms, the Court will not further engage in these efforts to recruit and appoint counsel for Ms. Francis a third time.

13.  If at some further date Ms. Francis desires to seek appointment of pro bono counsel, she may reapply following the procedures required by this Court.  Until such time as any future motion for pro bono counsel is granted, Plaintiff will continue to proceed herein pro se.

IT IS, this **25th** day of **November, 2008**, hereby

ORDERED that Frank Corrado, Esquire and the law firm of Barry Corrado Grassi & Gibson, P.C., are granted permission to withdraw as counsel; and

IT IS FURTHER ORDERED that the Court declines to appoint a third pro bono law firm, and plaintiff shall continue to proceed herein pro se.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge