```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JANET FRANCIS, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 05-4882 (JBS) |
| v. | |
| JOINT FORCE HEADQUARTERS NATIONAL GUARD, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Ms. Janet Francis
79 Westwind Way
Westampton, NJ 08060
    Plaintiff pro se

Mark Christopher Orlowski, AUSA
OFFICE OF THE U.S. ATTORNEY
District of New Jersey
402 East State Street
Room 430
Trenton, NJ 08608
    Attorney for Defendants

**SIMANDLE**, District Judge:

   This matter comes before the Court upon Plaintiff Janet Francis's motion seeking the recusal of the undersigned from further consideration of this case [Docket Item 76], and her motion for reconsideration of the Court's prior Opinion and for an order holding Defendants in contempt [Docket Item 78]. As Plaintiff explains in the submissions filed in support of her recusal motion, she believes that the Court's rulings have been the product of bias, and argues that she is therefore entitled to

proceed before a different judge.[1]  Plaintiff likewise continues to believe that the Court of Appeals issued an injunction which both the Court and Defendants have ignored, and argues that the Court should thus reconsider its prior Opinion granting Defendants' motion for a more definite statement and hold Defendants in contempt of the Court of Appeals' order.  For the reasons explained below, Plaintiff's motions will be denied.

I.      BACKGROUND

Plaintiff Janet Francis, who filed this lawsuit pro se, is a former federal military technician with the New Jersey Army National Guard.  She filed this lawsuit on October 11, 2005, naming as Defendants the Joint Force Headquarters National Guard (the "National Guard"), the Department of the Army, and a number of individuals whom the Court assumes are members of the New Jersey National Guard (the "Individual Defendants").  (Am. Compl. at 1.)  Although her pleadings contain almost no factual allegations, it appears that Plaintiff asserts claims premised upon Defendants' allegedly unlawful employment actions.

While Plaintiff properly served the Government Defendants (the National Guard and the Department of the Army), she failed

---

[1]  In her motion for recusal, Plaintiff requests that both the undersigned and Magistrate Judge Donio recuse themselves from this case.  This Opinion addresses the aspect of Plaintiff's motion seeking the recusal of the undersigned, and does not address Plaintiff's request that Judge Donio recuse herself from future proceedings in this action.

to serve the Complaint upon any of the Individual Defendants; consequently, when Plaintiff moved for default judgment against the Individual Defendants, the Court denied her motion.  (Docket Item 62 at 4.)  The Court then granted Defendants' motion to dismiss, finding that Plaintiff's claims were barred by the doctrine of intramilitary immunity.  (Id.)  Plaintiff appealed the order of dismissal to the Court of Appeals, which, on March 3, 2008, entered an order affirming in part and denying in part this Court's judgment.  (App. No. 06-4246, Mar. 3, 2008 Opinion and Judgment.)  The Court of Appeals held that this Court "properly rejected plaintiff's motion for entry of default," and likewise affirmed the Court's dismissal of Plaintiff's claims for monetary relief under the doctrine of intramilitary immunity, but held that "Francis's claims for injunctive relief were not barred by the intramilitary immunity doctrine."  (Id. at 3-4.)  The Court of Appeals remanded the matter to this Court for further proceedings as to Plaintiff's claims for injunctive relief, but noted, in light of the absence of factual allegations in Plaintiff's pleadings, that "the District Court may wish to examine the complaint for compliance with Federal Rule of Civil Procedure 8."  (Id.)  In other words, the Court of Appeals raised a question as to the sufficiency and clarity of Plaintiff's Complaint under Rule 8, which it invited this Court to examine.

    After this docket was reopened, Defendants moved for a more

definite statement and to dismiss Plaintiff's claims against the Individual Defendants, and Plaintiff moved for the appointment of pro bono counsel and for the entry of default. On September 24, 2008, Magistrate Judge Donio entered an order [Docket Item 61] granting Plaintiff's motion for the appointment of pro bono counsel from the Civil Pro Bono Panel. Shortly thereafter, finding that "the inadequacies of Plaintiff's Amended Complaint prevent [Defendants] from 'reasonably prepar[ing] a response,' Fed. R. Civ. P. 12(e)," the Court granted Defendants' motion for a more definite statement and denied Plaintiff's motion for the entry of default. (Docket Item 62 at 13, 15.) While it observed that, on account of Plaintiff's failure to serve the Individual Defendants, dismissal of the claims against these Defendants appeared to be appropriate under Rule 4(m), Fed. R. Civ. P., the Court, exercising "an abundance of caution," denied Defendants' motion to dismiss these claims "without prejudice to renewal upon the appointment of pro bono counsel and Plaintiff's counsel's filing of a second amended complaint." (Docket Item 62 at 14.)

On October 14, 2008, the Clerk of Court advised Plaintiff that attorney Myles Seidenfrau, Esquire, of the Wolf Block law firm had been appointed as pro bono counsel [Docket Item 64]. Nine days later, Plaintiff wrote to the undersigned [Docket Item 65], requesting that a different attorney be appointed to represent her. Ms. Francis stated that she had spoken with Mr.

4

Seidenfrau and that she was asking him not to enter an appearance in her case because she was not comfortable with his approach to the case.  On October 24, 2008, Mr. Seidenfrau wrote to the Deputy Clerk, Marnie Maccariella, to advise her that he regretted he could not proceed as pro bono counsel because Ms. Francis had informed him that she did not want him to represent her.[2]  The undersigned responded to Plaintiff in a letter dated October 30, 2008, indicating that the Court would "make one final attempt to locate pro bono counsel for Ms. Francis."  (Docket Item 70.)

On November 7, 2008, the Clerk's office sent a letter to Ms. Francis informing her that Frank Corrado, Esquire, was being appointed to represent her [Docket Item 71].  On November 10, 2008, Ms. Francis filed a letter [Docket Item 71], in which she complained that the Clerk's letter did not advise her of Mr.

---

[2]  As the Court noted in its December 1, 2008 Order,

> Curiously, Ms. Francis, in a letter of November 10, 2008 [Docket Item 73], criticizes the Deputy Clerk for not filing Mr. Seidenfrau's letter.  A letter pertaining to efforts to appoint pro bono counsel, when received from an attorney who is declining the case, is not normally docketed because the attorney has not entered an appearance and is therefore not counsel in the case. The Clerk's office did nothing improper in not filing Mr. Seidenfrau's letter upon the docket. Ms. Francis' letter of November 10, 2008 [Docket Item 73] also incorrectly alleges that Mr. Seidenfrau's letter was also "admitting he isn't knowledgeable to handle this case per his words."  In fact, Mr. Seidenfrau's letter says no such thing.

(Docket Item 87 at 2-3 n.1.)

Corrado's name and phone number. The Clerk's letter of November 7 had indeed advised Ms. Francis of Mr. Corrado's name, and the name and address of his law firm, although it lacked his phone number. Meanwhile, Mr. Corrado, together with Joshua Donohue of his firm, entered an appearance on November 10, 2008 [Docket Item 72].

On November 20, 2008, Ms. Francis sent a letter to the undersigned by fax, dated November 19, 2008, indicating that she was not willing to accept Mr. Corrado's appointment as her pro bono attorney. Plaintiff's letter criticized Mr. Corrado for entering his appearance[3] and alleged that Mr. Corrado and the undersigned had a conversation with regard to her case. As the Court explained in its December 1, 2008 Order, "Ms. Francis' allegation is false -- I have never spoken with Mr. Corrado about

---

[3] The Court addressed Plaintiff's concerns regarding Mr. Corrado's entry of appearance on her behalf in its December 1, 2008 Order:

> It appears that Mr. Corrado had entered his appearance upon his receipt of the Clerk of Court's appointment letter, and that he considered it a directive of the Court. Under the procedures of the Local Civil Rules, App. H, ¶ 4(g), the Clerk sends written notice of the appointment to the selected law firm, together with other documents. The rule provides, "upon receipt of such notice, the appointed attorney shall promptly review the matter and enter an appearance in the action." Id., ¶ 4(g). Thus, it was proper for Mr. Corrado and Mr. Donohue to enter an appearance upon receipt of the appointment letter.

(Docket Item 87 at 4.)

his appointment in this case or any aspect of this case. It is apparent that Ms. Francis has rejected Mr. Corrado's assistance in this case for her own reasons." (Docket Item 87 at 4.) On November 24, 2008, the Court received a letter from Mr. Corrado, dated November 21, 2008 (received on November 24, 2008 and entered on the docket on November 25, 2008) [Docket Item 82], asking the Court's permission to withdraw as counsel for Ms. Francis. The Court granted Mr. Corrado's request to withdraw in its December 1, 2008 Order, and declined to undertake further efforts to appoint pro bono counsel for Plaintiff, explaining:

> The Court will not direct the Clerk to make more efforts to recruit and appoint pro bono counsel in this case, as those efforts have been exhaustive already. Ms. Francis has made unfounded accusations against the Clerk's office and both volunteer attorneys who had been appointed to assist her from the Pro Bono Panel. The appointment of counsel is a privilege in a civil case, and the pool of volunteer pro bono attorneys is neither wide nor deep. The Clerk's Office has expended two months of efforts in finding pro bono counsel for Plaintiff. Other civil cases also await pro bono appointments, with the demand always exceeding the supply of volunteers who are willing and able to tackle federal civil litigation at no cost to the plaintiff.

(Docket Item 87 at 5.)

**II.  DISCUSSION**

Plaintiff has filed a motion seeking the recusal of the undersigned from further consideration of this case, as well as a motion seeking reconsideration of the Court's October 7, 2008 Opinion and Order and an order holding Defendants in contempt. The Court addresses these motions in turn below.

**A.   Motion for Recusal**

    1.   Standard for Recusal under 28 U.S.C. § 455

Section 455 provides in relevant part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

    (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . .

28 U.S.C. § 455. While section 455(b)(1) requires the disqualification of a judge who has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts," section 455(a) is a broader, "catchall" recusal provision that requires disqualification not only where actual partiality exists, but where the judge's consideration of the case risks imparting the appearance of bias. Liteky v. United States, 510 U.S. 540, 548 (1994). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." United States v. Wecht, 484 F.3d 194, 214 (3d Cir. 2007) (citation omitted).

In determining whether a reasonable person would question the impartiality of a judge under particular circumstances, a distinction is drawn between alleged bias resulting from "a

source outside judicial proceedings," on the one hand, and alleged bias stemming from prior proceedings held before the judge in question. Liteky, 510 U.S. at 554. Under this "extrajudicial source" doctrine, a party that does not cite an extrajudicial source of the alleged prejudice has the substantial burden of proving that "the Judge's opinions and remarks [] reveal a deep-seated or high degree of favoritism or antagonism that would make fair judgment impossible" in order to warrant disqualification. Wecht, 484 F.3d at 213 (citing Liteky, 510 U.S. at 555-56) (internal quotations omitted). Under the extrajudicial source doctrine, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." LoCascio v. United States, 473 F.3d 493, 495 (2d Cir. 2007) (citation omitted).

    2.    Analysis

For the reasons now explained, the Court finds that recusal is unwarranted in this case. First, recusal is not called for under section 455(b)(1), because the undersigned does not have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." § 455(b)(1). In claiming that the undersigned harbors such a bias, Plaintiff states incorrectly that the undersigned has "[i]nform[ed] both Pro Bono lawyers for plaintiff that the court is going to dismiss plaintiff['s] complaint no

matter what happens." (Pl.'s Br. at 2.) As the Court made clear in its December 1, 2008 Order, Plaintiff's accusation is false. Apart from the letters to counsel entered on the public docket in this action, the undersigned has had no contact whatsoever with either Mr. Seidenfrau or Mr. Corrado over the course of Plaintiff's lawsuit, and certainly has not informed these attorneys "that the court is going to dismiss plaintiff['s] complaint no matter what happens." (Id.) Plaintiff's statements about contacts between the Court and appointed counsel are untrue, and such manufactured or imagined contacts cannot demonstrate "a personal bias or prejudice concerning a party." § 455(b)(1).

Nor is disqualification called for under section 455(a), because there is nothing in this case to suggest that the "impartiality [of the undersigned] might reasonably be questioned." § 455(a). Plaintiff's questions concerning the impartiality of the undersigned focus almost exclusively on her dissatisfaction with the Court's prior legal rulings in her case – namely, her complaint that the Court has failed to enforce an injunction she incorrectly believes was issued by the Court of Appeals[4] and her concern over the Court's procedural decisions

---

[4] On two prior occasions, the Court has explained to Plaintiff in no uncertain terms that

> there is no "injunctive relief order" in this case. The Third Circuit did not grant any injunctive relief, and

10

regarding the management of this docket.[5]  As the Court recognized, supra, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." LoCascio, 473 F.3d at 495 (citation omitted).  No reasonable person could question the impartiality of the undersigned based

---

>   the Third Circuit's Opinion and Order make clear that the previous Order dismissing plaintiff's claim for injunctive relief was reversed and remanded for further proceedings.  That means, in plain language, Ms. Francis' claim for injunctive relief was kept alive so that she can pursue injunctive relief in the district court. Whether plaintiff is entitled to injunctive relief remains to be determined upon a properly-noticed motion for preliminary or final injunctive relief under Rule 65, Fed. R. Civ. P., and Local Civil Rule 65.1.

(Docket Item 50 at 1); see also Francis, 05-4882, 2008 WL 4560714, at *3 n.6 (D.N.J. Oct. 7, 2008) ("The Court of Appeals did not determine that Plaintiff was entitled to injunctive relief; it only determined that she was entitled to further pursue her claim for such relief before this Court and seek to prove her entitlement to injunctive relief.").  Notwithstanding the Court's efforts to explain this point, Plaintiff continues to labor under the misapprehension that an order for injunctive relief has been entered in this case.

   [5]  It is well-settled that "matters of docket control . . . are committed to the sound discretion of the district court" and that such discretion is not abused absent "the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant."  In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982) (citation omitted); see also Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 367 (5th Cir. 1995) (district court has "broad discretion" to set filing deadlines).  Plaintiff has made no showing of such prejudice, and her preference not to file a second amended complaint that complies with Rule 8, Fed. R. Civ. P., because she believes that such a filing would benefit her adversaries obviously does not begin to approach "actual and substantial prejudice to the complaining litigant."  In re Fine Paper Antitrust Litigation, 685 F.2d at 817.

on the Court's decision not to "enforce" a nonexistent injunction or its routine procedural and scheduling decisions. Plaintiff's dissatisfaction with this Court's prior legal rulings, although regrettable, is not a valid basis for a disqualification motion. See Wecht, 484 F.3d at 213. If Plaintiff disagrees with the Court's rulings, she, like any litigant, may file an appropriate appeal from a final order; she is not, however, entitled to proceed before a different judge on account of such disagreement.

In her final effort to identify some basis to question the impartiality of the undersigned, Plaintiff argues that because the undersigned worked in the Civil Division of the United States Attorney's Office more than twenty-five years ago, the undersigned is "prejudiced against all civil law suits against government agencies." (Pl.'s Br. at 2.) This argument is likewise without merit. As the Court of Appeals has recognized, "a judge's prior position as a United States Attorney does not require his or her recusal unless the case at issue arose before the judge left that position." Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir. 1987) (citation omitted). This case arose approximately twenty-three years after the undersigned last worked at the United States Attorney's Office. The Court is familiar with none of the individual parties named in the case. Recusal on account of a decades-old employment relationship is unwarranted. See id.

12

In short, although the Court finds regrettable Plaintiff's belief that its rulings have been influenced by bias, recusal is not called for in this case because no reasonable person would question the impartiality of the undersigned based upon such rulings. Plaintiff's motion seeking the disqualification of the undersigned will accordingly be denied.

**B.  Motion for Reconsideration**

In her motion for reconsideration [Docket Item 78], Plaintiff urges the Court to reconsider its October 7, 2008 Opinion and Order [Docket Items 62 and 63], in which the Court granted Defendants' motion for a more definite statement. The Court sets forth the standard governing its review of Plaintiff's motion and addresses the merits of the motion in turn below.

1.  Standard for Motion for Reconsideration

Local Civil Rule 7.1(i) governs the Court's review of Plaintiff's motion for reconsideration. Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the court overlooked when rendering its initial decision. L. Civ. R. 7.1(i); see also United States v. Compaction Systems Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("The operative word in the rule is 'overlooked.' Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument."). Whether to grant a motion for reconsideration

13

is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked.  See DeLong v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).  To prevail on a motion for reconsideration, the movant must show either

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

    2.   Analysis

Plaintiff has identified no intervening change in the controlling law or newly discovered evidence of relevance to the Court's October 7, 2008 Opinion, and thus appears to assert that the Court made "a clear error of law or fact" in granting Defendants' motion for a more definite statement.  Id.  For the following reasons, the Court disagrees, and will deny Plaintiff's motion for reconsideration.[6]

---

[6] While the Court addresses the merits of Plaintiff's motion in part to facilitate Plaintiff's response to the Order requiring a more definite statement, the Court agrees with Defendants that Plaintiff's motion for reconsideration is untimely and denies the motion for this reason in addition to those set forth above.  Under Local Civil Rule 7.1(i), a motion for reconsideration must be filed within ten days of the date of

14

In granting Defendants' motion for a more definite statement, the Court observed that

> Plaintiff's Amended Complaint is bereft of facts. Plaintiff simply sets forth a laundry list of nonspecific grievances – e.g., "Reprisal, Harassment, discrimination," (Am. Compl. at 1) – without including any factual allegations sufficient to suggest "that the pleader is entitled to relief" on any of her claims. [Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)] . . . . In light of the total absence of factual allegations from the Amended Complaint from which the Defendants might divine what each Defendant allegedly did to Plaintiff and how Plaintiff was harmed by such conduct, the Court finds that Defendants "cannot reasonably prepare a response" to the allegations in the Amended Complaint. Fed. R. Civ. P. 12(e).
>
> The Amended Complaint is likewise deficient in that it fails to provide an adequate "statement of the grounds for the court's jurisdiction," as Rule 8(a)(1) plainly requires. Fed. R. Civ. P. 8(1). In an apparent effort at compliance with Rule 8(a)(1), Plaintiff asserts that the Court's jurisdiction "depends on the geographic area of Burlington County falling under Camden County district." (Am. Comp. at 1.) While this statement speaks to whether venue was properly laid in this District, it does not address whether the Court may exercise subject matter jurisdiction over Plaintiff's claims against Defendants.
>
> Finally, Defendants are correct that Plaintiff's Amended Complaint fails to "state [her] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b) . . . . . In her amended pleading, Plaintiff should set forth each of her claims in numbered paragraphs, and should indicate which claims are asserted against which

---

entry of the order being challenged, and untimeliness alone constitutes sufficient grounds to deny a motion for reconsideration. See, e.g., Morris v. Siemens Components, Inc., 938 F. Supp. 277, 278 (D.N.J. 1996). Plaintiff's motion was filed twenty-eight days after Rule 7.1(i)'s ten-day period expired, and Plaintiff has offered no explanation for the untimeliness of her submission.

>     Defendants.

Francis, 2008 WL 4560714, at *4-*5.  The Court accordingly ordered Plaintiff to file a second amended complaint that complied with the Federal Rules of Civil Procedure and the Court's directives.  Id.

The primary thrust of Plaintiff's argument in favor of her motion for reconsideration is that the Court of Appeals, in reversing this Court's dismissal of her claim for injunctive relief, necessarily found that Plaintiff's pleadings contained sufficient factual matter to enable Defendants to "reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Plaintiff has once again misread the decision of the Court of Appeals.  In determining that Plaintiff could pursue a claim for injunctive relief relating to her military service notwithstanding the intramilitary immunity doctrine, the Court of Appeals certainly made no finding that Plaintiff's allegations were sufficient to comply with the pleading requirements set forth in Rule 8, Fed. R. Civ. P.  To the contrary, the Court of Appeals itself recognized the shortcomings in Plaintiff's pleadings, noting that "on remand, the District Court may wish to examine the complaint for compliance with Federal Rule of Civil Procedure 8."  (App. No. 06-4246, Mar. 3, 2008 Opinion at 4.)  Upon examining the Amended Complaint for compliance with Rule 8, the Court found Plaintiff's submission deficient for the reasons reviewed in

16

detail above.  There is, in short, no inconsistency between this Court's October 7, 2008 Opinion and the decision of the Court of Appeals, and the primary argument advanced by Plaintiff in support of her motion for reconsideration is therefore without merit.[7]

Plaintiff further argues that she should not be required to amend her complaint to include "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), noting in her brief that "[t]his action is brought under 28 U.S.C. Secs. 1331, 1361, and 1651."  (Pl.'s Br. at 1.)  It is well-settled, however, that "[a] plaintiff may not amend [her] complaint through arguments in [her] brief."  Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996); see also Frohner v. City of Wildwood, 07-1174, 2008 WL 5102460, at *9 (D.N.J. Dec. 1, 2008).  Plaintiff has identified no "error of law" in the Court's determination that Plaintiff must include a jurisdictional statement in her amended pleading, Quinteros, 176 F.3d at 677, and her efforts to amend her pleadings through arguments in her brief are unavailing.[8]  Plaintiff's motion for reconsideration

---

[7] In support of her motion for reconsideration, Plaintiff again refers to an order for injunctive relief that she believes was entered by the Court of Appeals.  The Court has made clear that no such order was entered.  See Note 4, supra.

[8] Plaintiff's motion for reconsideration likewise rehashes her argument, rejected in the Court's October 7, 2008 Opinion, that the Government Defendants failed to answer or otherwise defend against her Amended Complaint.  Because "Rule 7.1(i) does

17

identifies no errors of law or fact in the Court's October 7, 2008 Opinion, and will accordingly be denied.

### C. Filing of Second Amended Complaint

In its Opinion granting Defendants' motion for a more definite statement, the Court ordered that Plaintiff

> file an amended complaint that conforms with the requirements articulated in the Federal Rules of Civil Procedure and the directives set forth herein within twenty (20) days of the entry of appearance of pro bono counsel, or the Court will "strike the pleading" and dismiss this case. Fed. R. Civ. P. 12(e). In particular, Plaintiff's amended pleading should set forth, in separately numbered paragraphs, facts as to each claim and each Defendant sufficient to suggest that Plaintiff is entitled to the relief she seeks, as well as a statement of the grounds on which this Court may exercise subject matter jurisdiction over Plaintiff's claims.

Francis, 2008 WL 4560714, at *5. As the Court explained, supra, Plaintiff has since rejected the services of the two pro bono attorneys who were appointed to represent her, and has thereby elected to proceed pro se. Because no "entry of appearance of pro bono counsel" will transpire in this case, id., the Court will modify its Order regarding the deadline for Plaintiff to file a second amended complaint, and require that Plaintiff file

---

not allow parties to restate arguments which the court has already considered," Fellenz v. Lombard Inv. Corp., 400 F. Supp. 2d 681, 683 (D.N.J. 2005), the Court does not address this argument except to note for the third time that Defendants "made a limited appearance and moved to dismiss . . . and . . . thus appeared or 'otherwise defended' in the action for the purposes of the Federal Rules of Civil Procedure." Francis, 2008 WL 4560714, at *2.

a pleading that complies with the Federal Rules of Civil Procedure and the directives set forth in the Court's October 7, 2008 Opinion within twenty (20) days of the entry of the Order accompanying this Opinion.  Should Plaintiff fail to comply with this order, the Court will "strike the pleading," Fed. R. Civ. P. 12(e), and dismiss this case.

### D.     Motion for Contempt

The Court will not dwell long on Plaintiff's motion for an order holding Defendants in contempt of the "injunctive order" that she believes was issued by the Court of Appeals.  First, this Court does not have the authority to hold a party in contempt of an order of the Court of Appeals, because "[c]ontempt proceedings, whether civil or criminal, must be brought in the court that was allegedly defied by a contumacious act."  Fed. R. Civ. P. 4.1, Notes of Advisory Committee; see also International Union, UMWA v. Bagwell, 512 U.S. 821, 829 (1994) ("civil contempt proceedings leave the offended judge solely responsible for identifying, prosecuting, adjudicating, and sanctioning the contumacious conduct"); L.J. ex rel. V.J. v. Audubon Bd. of Educ., No. 06-5350, 2007 WL 3252240, at *10 (D.N.J. Nov. 5, 2007) (citing cases).  Second, and equally importantly, "the Court of Appeals did not determine that Plaintiff was entitled to injunctive relief; it only determined that she was entitled to further pursue her claim for such relief before this Court and

19

seek to prove her entitlement to injunctive relief." <u>Francis</u>, 2008 WL 4560714, at *3 n.6.  Plaintiff's motion for an order of contempt is frivolous and will be denied.

### III. CONCLUSION

For the reasons discussed above, the Court will deny Plaintiff's motions for recusal, reconsideration, and contempt. Plaintiff will be required to file a second amended complaint, in accordance with the directives in the Court's Opinion and Order of October 7, 2008, within twenty (20) days of the entry of the Order accompanying this Opinion.  The accompanying Order will be entered.


**January 12, 2009**                              **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                  United States District Judge