```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JANET FRANCIS, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 05-4882 (JBS) |
| v. |  |
| JOINT FORCE HEADQUARTERS NATIONAL GUARD, et al., | **MEMORANDUM OPINION** |
| Defendants. |  |

**SIMANDLE**, District Judge:

This matter is before the Court pursuant to Plaintiff's motion for permission to appeal _in forma pauperis_ [Docket Item 97]. THIS COURT FINDS AS FOLLOWS:

1. Plaintiff Janet Francis, who filed this lawsuit _pro se_, is a former employee of the New Jersey Army National Guard. She filed this lawsuit on October 11, 2005, naming as Defendants the Joint Force Headquarters National Guard (the "National Guard"), the Department of the Army, and a number of individuals whom the Court assumes are members of the New Jersey National Guard (the "Individual Defendants"). (Am. Compl. at 1.) Although her pleadings contain almost no factual allegations, it appears that Plaintiff asserts claims premised upon Defendants' allegedly unlawful employment actions.

2. While Plaintiff properly served the Government Defendants (the National Guard and the Department of the Army), she failed to serve the Complaint upon any of the Individual

Defendants; consequently, when Plaintiff moved for default judgment against the Individual Defendants, the Court denied her motion. (Docket Item 62 at 4.) The Court then granted Defendants' motion to dismiss, finding that Plaintiff's claims were barred by the doctrine of intramilitary immunity. (Id.) Plaintiff appealed the order of dismissal to the Court of Appeals, which, on March 3, 2008, entered an order affirming in part and denying in part this Court's judgment. (App. No. 06-4246, Mar. 3, 2008 Opinion and Judgment.) The Court of Appeals held that this Court "properly rejected plaintiff's motion for entry of default," and likewise affirmed the Court's dismissal of Plaintiff's claims for monetary relief under the doctrine of intramilitary immunity, but held that "Francis's claims for injunctive relief were not barred by the intramilitary immunity doctrine." (Id. at 3-4.) The Court of Appeals remanded the matter to this Court for further proceedings as to Plaintiff's claims for injunctive relief, but noted, in light of the absence of factual allegations in Plaintiff's pleadings, that "the District Court may wish to examine the complaint for compliance with Federal Rule of Civil Procedure 8." (Id.)

    3. After this docket was reopened, Defendants moved for a more definite statement and to dismiss Plaintiff's claims against the Individual Defendants, and Plaintiff moved for the appointment of pro bono counsel and for the entry of default. On

September 24, 2008, Magistrate Judge Donio entered an order [Docket Item 61] granting Plaintiff's motion for the appointment of pro bono counsel from the Civil Pro Bono Panel. Shortly thereafter, finding that "the inadequacies of Plaintiff's Amended Complaint prevent [Defendants] from 'reasonably prepar[ing] a response,' Fed. R. Civ. P. 12(e)," the Court granted Defendants' motion for a more definite statement.[1]  (Docket Item 62 at 13.) The Court explained:

> Plaintiff's Amended Complaint is bereft of facts. Plaintiff simply sets forth a laundry list of nonspecific grievances – e.g., "Reprisal, Harassment, discrimination," (Am. Compl. at 1) – without including any factual allegations sufficient to suggest "that the pleader is entitled to relief" on any of her claims. [Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)] . . . . In light of the total absence of factual allegations from the Amended Complaint from which the Defendants might divine what each Defendant allegedly did to Plaintiff and how Plaintiff was harmed by such conduct, the Court finds that Defendants "cannot reasonably prepare a response" to the allegations in the Amended Complaint. Fed. R. Civ. P. 12(e).
>
> The Amended Complaint is likewise deficient in that it fails to provide an adequate "statement of the grounds for the court's jurisdiction," as Rule 8(a)(1) plainly requires.

---

[1] The Court also denied Plaintiff's motion for the entry of default. (Docket Item 62 at 15.) Additionally, while it observed that, on account of Plaintiff's failure to serve the Individual Defendants, dismissal of the claims against these Defendants appeared to be appropriate under Rule 4(m), Fed. R. Civ. P., the Court, exercising "an abundance of caution," denied Defendants' motion to dismiss these claims "without prejudice to renewal upon the appointment of pro bono counsel and Plaintiff's counsel's filing of a second amended complaint." (Docket Item 62 at 14.)

> Finally, Defendants are correct that Plaintiff's Amended Complaint fails to "state [her] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b)

(Id. at 10-12.)  Noting that Plaintiff's motion for the appointment of pro bono counsel had been granted, but that an attorney had not yet been appointed, the Court ordered that Plaintiff "file an amended complaint that conforms with the requirements articulated in the Federal Rules of Civil Procedure and the directives set forth herein within twenty (20) days of the entry of appearance of pro bono counsel, or the Court will 'strike the pleading' and dismiss this case."  (Id. at 13) (quoting Fed. R. Civ. P. 12(e)).

4.  On October 14, 2008, the Clerk of Court advised Plaintiff that attorney Myles Seidenfrau, Esquire, of the Wolf Block law firm had been appointed as pro bono counsel [Docket Item 64].  Nine days later, Plaintiff wrote to the undersigned [Docket Item 65], requesting that a different attorney be appointed to represent her.  Ms. Francis stated that she had spoken with Mr. Seidenfrau and that she was asking him not to enter an appearance in her case because she was not comfortable with his approach to the case.  On October 24, 2008, Mr. Seidenfrau wrote to the Deputy Clerk, Marnie Maccariella, to advise her that he regretted he could not proceed as pro bono counsel because Ms. Francis had informed him that she did not want him to represent her.  The undersigned responded to

4

Plaintiff in a letter dated October 30, 2008, indicating that the Court would "make one final attempt to locate pro bono counsel for Ms. Francis." (Docket Item 70.)

    5.  The Clerk's Office went about the task of selecting a second pro bono attorney. On November 7, 2008, the Clerk's Office sent a letter to Ms. Francis informing her that Frank Corrado, Esquire, was being appointed to represent her [Docket Item 71]. On November 10, 2008, Ms. Francis filed a letter [Docket Item 71], in which she complained that the Clerk's letter did not advise her of Mr. Corrado's name and phone number. The Clerk's letter of November 7 had indeed advised Ms. Francis of Mr. Corrado's name, and the name and address of his law firm, although it lacked his phone number. Meanwhile, Mr. Corrado, together with Joshua Donohue of his firm, entered an appearance on November 10, 2008 [Docket Item 72]. On November 20, 2008, Ms. Francis sent a letter to the undersigned by fax, dated November 19, 2008, indicating that she was not willing to accept Mr. Corrado's appointment as her pro bono attorney. Plaintiff's letter criticized Mr. Corrado for entering his appearance and alleged that Mr. Corrado and the undersigned had a conversation with regard to her case. As the Court explained in its December 1, 2008 Order, "Ms. Francis' allegation is false -- I have never spoken with Mr. Corrado about his appointment in this case or any aspect of this case. It is apparent that Ms. Francis has

5

rejected Mr. Corrado's assistance in this case for her own reasons." (Docket Item 87 at 4.) On November 24, 2008, the Court received a letter from Mr. Corrado, dated November 21, 2008 (received on November 24, 2008 and entered on the docket on November 25, 2008) [Docket Item 82], asking the Court's permission to withdraw as counsel for Ms. Francis. The Court granted Mr. Corrado's request to withdraw in its December 1, 2008 Order, and declined to direct the Clerk's Office to undertake further efforts to appoint pro bono counsel for Plaintiff, explaining:

> The Court will not direct the Clerk to make more efforts to recruit and appoint pro bono counsel in this case, as those efforts have been exhaustive already. Ms. Francis has made unfounded accusations against the Clerk's office and both volunteer attorneys who had been appointed to assist her from the Pro Bono Panel. The appointment of counsel is a privilege in a civil case, and the pool of volunteer pro bono attorneys is neither wide nor deep. The Clerk's Office has expended two months of efforts in finding pro bono counsel for Plaintiff. Other civil cases also await pro bono appointments, with the demand always exceeding the supply of volunteers who are willing and able to tackle federal civil litigation at no cost to the plaintiff.

(Docket Item 87 at 5.)

6. Thereafter, in an Opinion and Order dated January 12, 2009 [Docket Items 100 and 101], the Court denied Plaintiff's motion seeking recusal of the undersigned,[2] reconsideration of

---

[2] As the Court explained in its January 12, 2009 Opinion, the majority of Plaintiff's misgivings concerning the undersigned were directed at the Court's legal rulings, which "almost never constitute a valid basis for a bias or partiality motion."

the Court's prior Opinions, and an order holding Defendants in contempt.

    7.  On December 22, 2008, Plaintiff filed a motion seeking leave to file an appeal in forma pauperis.  Under 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."  With regard to in forma pauperis appeals, however, section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

    8.  "The good faith standard is an objective one," not a determination of a litigant's subjective state of mind.  Prophete v. Gilless, 869 F. Supp. 537, 539 (W.D. Tenn. 1994) (citing Coppedge v. United States, 369 U.S. 438, 445 (1962)).  The standard calls upon the Court to assess whether the "issue

---

LoCascio v. United States, 473 F.3d 493, 495 (2d Cir. 2007) (citation omitted).  As to Plaintiff's false accusations regarding nonexistent contacts between the undersigned and the attorneys appointed to assist Plaintiff in prosecuting her claims, the Court explained that "Plaintiff's statements about contacts between the Court and appointed counsel are untrue, and such manufactured or imagined contacts cannot demonstrate 'a personal bias or prejudice concerning a party.'" (Docket Item 100 at 10) (quoting 28 U.S.C. § 455(b)(1)).

7

presented is frivolous." Id.; see also Sejeck v. Singer Mfg. Co., 113 F. Supp. 281, 282 (D.N.J. 1953) ("it is well settled that the words 'in good faith' in the above statute substantially mean that the points on which the appeal is taken are reasonably arguable"). Critically for purposes of Ms. Francis' application, "[i]f it appears from the record that the order sought to be reviewed is not appealable, the conclusion is warranted that the appeal is not taken in good faith." Javor v. Brown, 295 F.2d 60, 61 (9th Cir. 1961); cf. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988) (noting, in the context of section 1915(a), appellate courts' preference for resolving "the case as a whole, not particular claims").

    9. Because Plaintiff has sought to appeal this Court's patently non-appealable orders, the Court concludes, and hereby certifies pursuant to 28 U.S.C. § 1915(a)(3), that her appeal is not taken in good faith. See Javor, 295 F.2d at 61. Initially, the Court notes that Plaintiff's original motion for leave to appeal in forma pauperis does not identify the order or issue she wishes to appeal. In the space on the section 1915(a) form entitled "My issues on Appeal are," Plaintiff has entered no information. (Docket Item 97 at 3.) A party's failure to specify any issues for appeal from a non-final order would itself be sufficient ground to deny leave to appeal. It appears, however, that Plaintiff's application to appeal in forma pauperis

seeks to appeal the Court's October 7, 2008 Opinion and Order [Docket Items 62-63], in which the Court granted Defendants' motion for a more definite statement, denied Plaintiff's motion for default judgment, and denied Defendants' motion to dismiss without prejudice.  None of the issues resolved in the October 7, 2008 Opinion and Order is appealable as a final order.  See Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 131 (5th Cir. 1959) ("a ruling granting or denying a motion for more definite statement is interlocutory in character" and is "not appealable as such"); Williamson v. Correctional Medical Services, Inc., No. 07-4425, 2008 WL 5351749, at *1 (3d Cir. Dec. 23, 2008) (an order denying a motion for default judgment is not an appealable final order); Petroleos Mexicanos Refinacion v. M/T KING A (EX-TBILISI), 377 F.3d 329, 333 (3d Cir. 2004) ("The denial of a motion to dismiss does not end the litigation and ordinarily is not a final order for § 1291 purposes") (citation omitted). Thus, an order requiring a plaintiff to file a more definite statement is not an appealable order.

    10.  After Plaintiff filed her motion for leave to appeal in forma pauperis, she filed on January 14, 2009, a notice of appeal [Docket Item 102] from this Court's January 12, 2009 Opinion and Order [Docket Items 100-101].  The January 14, 2009 notice of appeal was unaccompanied by a new application for leave to appeal in forma pauperis.  The Court construes the present application

9

for leave to appeal in forma pauperis, filed on December 22, 2008, to be the required application for leave to appeal in connection with the subsequently filed notice of appeal filed January 12, 2009, rather than requiring Plaintiff to submit a new application.  In the January 12, 2009 Order, the Court denied Plaintiff's motion seeking recusal of the undersigned, denied her motion for reconsideration of the Court's Order granting Defendants' motion for a more definite statement, and denied her motion seeking an order holding Defendants in contempt.  As the Court explained in its Order dated January 26, 2009 [Docket Item 110], wherein the Court determined that this case would not be stayed pending Plaintiff's interlocutory appeal, the matters resolved in the Court's January 12, 2009 Opinion and Order are likewise non-final and non-appealable.  See Nichols v. Alley, 71 F.3d 347, 350 (10th Cir. 1995) ("An order denying a motion to recuse is interlocutory and is, therefore, not immediately appealable");[3] Elscint, Inc. v. First Wisconsin Finan. Corp., 813 F.2d 127, 130 (7th Cir. 1987) ("refusal to hold a party in civil contempt of court is not an appealable final order when other parts of the litigation remain unresolved").

---

[3] See also Nobby Lobby, Inc. v. City of Dallas, 970 F.2d 82, 85 & n.3 (5th Cir. 1992) (same); United States v. Yonkers Bd. of Educ., 946 F.2d 180, 183 (2d Cir. 1991) (same); In re City of Detroit, 828 F.2d 1160, 1165-66 (6th Cir. 1987) (same).

11. In summary, because "it appears from the record that the order sought to be reviewed is not appealable," the Court concludes and now certifies pursuant to 28 U.S.C. § 1915(a)(3), "that the appeal is not taken in good faith."  Javor, 295 F.2d at 61. Plaintiff's motion for leave to file an appeal in forma pauperis will accordingly be denied. The accompanying Order will be entered.


**February 13, 2009**                                   **s/ Jerome B. Simandle**
Date                                                    JEROME B. SIMANDLE
                                                        United States District Judge