```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JANET FRANCIS, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 05-4882 (JBS) |
| v. | |
| JOINT FORCE HEADQUARTERS NATIONAL GUARD, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Ms. Janet Francis
79 Westwind Way
Westampton, NJ 08060
    Plaintiff pro se

Mark Christopher Orlowski, AUSA
OFFICE OF THE U.S. ATTORNEY
District of New Jersey
402 East State Street
Room 430
Trenton, NJ 08608
    Attorney for Defendants

**SIMANDLE**, District Judge:

## I. INTRODUCTION

On October 7, 2008, in light of the absence of factual allegations in Plaintiff's Amended Complaint, this Court granted Defendants' motion for a more definite statement and ordered Plaintiff to file a second amended complaint with sufficient factual matter to comply with Rule 8(a), Fed. R. Civ. P. Plaintiff refused to comply with this Order [Docket Item 63] and with the Court's numerous Orders entered thereafter [Docket Items

101, 110, 124] which had afforded her multiple opportunities to file a sufficiently detailed pleading in order to prosecute her claims.  Upon Plaintiff's repeated refusals, over the course of more than a year, to file a pleading stating each claim and setting forth a factual basis for any of her claims, the Court, in its March 19, 2009 Opinion and Order [Docket Items 143 and 144] dismissed Plaintiff's Amended Complaint.

Presently before the Court is Plaintiff's motion for reconsideration [Docket Item 149] of the March 19, 2009 Opinion and Order.  For the reasons set forth below, Plaintiff's motion will be denied.

## II.  BACKGROUND

Plaintiff Janet Francis, who filed this lawsuit pro se, is a former employee of the New Jersey Army National Guard.  She filed this lawsuit on October 11, 2005, naming as Defendants the Joint Force Headquarters National Guard, the Department of the Army, and a number of individuals whom the Court assumes are members of the New Jersey National Guard.  (Am. Compl. at 1.)  The Amended Complaint contains almost no factual allegations.  The single paragraph of the Amended Complaint which purports to set forth Plaintiff's claims and the factual basis therefor reads:

> Denied me the right to Freedom of Information Act (FOIA), Reprisal, Harassment, discrimination, not given an equal employment opportunity, retaliation, wasn't given a hearing for the adverse action against me, Breach of contract, defamation of character, denied promotion, didn't complete the procedures outlined in NGR

> 600-22/ANGI 36-3, didn't meet time frame to investigate complaint, unauthorized officer filed documents.

(Id. at 1-2.)

In its September 19, 2006 Opinion and Order [Docket Items 14 and 15], the Court granted Defendants' motion to dismiss, concluding that, under the intramilitary immunity doctrine, it lacked jurisdiction to entertain Plaintiff's claims.  Plaintiff appealed the order of dismissal to the Court of Appeals, which, on March 3, 2008, entered an order affirming in part and denying in part this Court's judgment.  (App. No. 06-4246, Mar. 3, 2008 Opinion and Judgment.)  The Court of Appeals held that this Court "properly rejected plaintiff's motion for entry of default," and likewise affirmed the Court's dismissal of Plaintiff's claims for monetary relief under the doctrine of intramilitary immunity, but held that "Francis's claims for injunctive relief were not barred by the intramilitary immunity doctrine."  (Id. at 3-4.)  The Court of Appeals remanded the matter to this Court for further proceedings as to Plaintiff's claims for injunctive relief, but noted, in light of the absence of factual allegations in Plaintiff's pleadings, that "the District Court may wish to examine the complaint for compliance with Federal Rule of Civil Procedure 8."  (Id.)

After this docket was reopened, Defendants moved for a more definite statement and to dismiss Plaintiff's claims against the Individual Defendants, and Plaintiff moved for the appointment of

3

pro bono counsel and for the entry of default.  On September 24, 2008, Magistrate Judge Donio entered an order [Docket Item 61] granting Plaintiff's motion for the appointment of pro bono counsel from the Civil Pro Bono Panel.  Shortly thereafter, finding that "the inadequacies of Plaintiff's Amended Complaint prevent [Defendants] from 'reasonably prepar[ing] a response,' Fed. R. Civ. P. 12(e)," the Court granted Defendants' motion for a more definite statement and denied Plaintiff's motion seeking the entry of default.[1]  (Docket Item 62 at 13.)  Noting that Plaintiff's motion for the appointment of pro bono counsel had been granted, but that an attorney had not yet been appointed, the Court ordered that Plaintiff "file an amended complaint that

---

[1] The Court explained:

> Plaintiff's Amended Complaint is bereft of facts. Plaintiff simply sets forth a laundry list of nonspecific grievances – e.g., "Reprisal, Harassment, discrimination," (Am. Compl. at 1) – without including any factual allegations sufficient to suggest "that the pleader is entitled to relief" on any of her claims. [Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)] . . . . In light of the total absence of factual allegations from the Amended Complaint from which the Defendants might divine what each Defendant allegedly did to Plaintiff and how Plaintiff was harmed by such conduct, the Court finds that Defendants "cannot reasonably prepare a response" to the allegations in the Amended Complaint. Fed. R. Civ. P. 12(e).
>
> The Amended Complaint is likewise deficient in that it fails to provide an adequate "statement of the grounds for the court's jurisdiction," as Rule 8(a)(1) plainly requires . . . .

(Docket Item 62 at 10-12.)

conforms with the requirements articulated in the Federal Rules of Civil Procedure and the directives set forth herein within twenty (20) days of the entry of appearance of pro bono counsel, or the Court will 'strike the pleading' and dismiss this case." (Id. at 13) (quoting Fed. R. Civ. P. 12(e)).

Plaintiff thereafter rejected the pro bono attorneys who were appointed to assist her in the prosecution of her claims [Docket Items 65 and 87], and moved for recusal of the undersigned, reconsideration of the Court's prior Opinions, and an order holding Defendants in contempt.  The Court denied Plaintiff's motion in its January 12, 2009 Opinion and Order [Docket Items 100 and 101],[2] and advised Plaintiff that, in view of her rejection of the services of pro bono counsel, she would be required to file a more definite statement in accordance with the Court's prior Orders.  Plaintiff refused to comply with this Order, and instead sought to appeal the January 12, 2009 Order, notwithstanding the fact that none of the matters decided therein

---

[2] With regard to Plaintiff's motion for recusal of the undersigned, the Court explained that the majority of Plaintiff's misgivings were directed at the Court's legal rulings, which "almost never constitute a valid basis for a bias or partiality motion." LoCascio v. United States, 473 F.3d 493, 495 (2d Cir. 2007) (citation omitted).  As to Plaintiff's false accusations regarding nonexistent contacts between the undersigned and the attorneys appointed to assist Plaintiff in prosecuting her claims, the Court explained that "Plaintiff's statements about contacts between the Court and appointed counsel are untrue, and such manufactured or imagined contacts cannot demonstrate 'a personal bias or prejudice concerning a party.'"  (Docket Item 100 at 10) (quoting 28 U.S.C. § 455(b)(1)).

could be appealed on an interlocutory basis.  In view of the patently non-appealable nature of the January 12, 2009 Order, the Court declined to stay proceedings in this matter pending appeal [Docket Item 110],[3] and, thereafter, entered an Order [Docket Item 124] explaining that Plaintiff had still failed to comply

---

[3]  The Court explained:

> Plaintiff has attempted to take an appeal from a non-appealable Order.  "Title 28 U.S.C. § 1291 provides for appeal from 'final decisions of the district courts,'" and thereby precludes appeals from "fully consummated decisions, where they are but steps towards final judgment in which they will merge."  Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 142 (1993) (citations omitted); see, e.g., Nichols v. Alley, 71 F.3d 347, 350 (10th Cir. 1995) ("An order denying a motion to recuse is interlocutory and is, therefore, not immediately appealable"); Elscint, Inc. v. First Wisconsin Finan. Corp., 813 F.2d 127, 130 (7th Cir. 1987) ("refusal to hold a party in civil contempt of court is not an appealable final order when other parts of the litigation remain unresolved"); Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 131 (5th Cir. 1959) ("a ruling granting or denying a motion for more definite statement is interlocutory in character" and is "not appealable as such") . . . .
>
> Although generally "the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal," an exception exists where a litigant seeks to appeal an order that is patently non-appealable.  Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985) (citation omitted) . . . .  Such interlocutory orders pertaining to refusal to recuse, denial of contempt, and orders for more specific statements of claims are appealable only after a final order has been entered pursuant to 28 U.S.C. § 1291.

(Docket Item 110 at 1-3.)

with its numerous Orders requiring a more definite statement complying with Rules 8 and 10, Fed. R. Civ. P., and affording Ms. Francis yet an <u>additional</u> opportunity to file such an amended pleading so that her case could proceed.

On February 23, 2009, Plaintiff wrote to the Court to "defend her point for a fourth time of why she feels she doesn't have to amend her complaint." (Docket Item 126 at 1.) Plaintiff's letter indicated that she believed that the Court of Appeals had already determined that her Amended Complaint is sufficiently specific to state a claim, a misunderstanding this Court has repeatedly endeavored to clear up. (<u>Id.</u> at 2.) The Court then extended Plaintiff yet <u>another</u> opportunity to comply with its order for a more definite statement [Docket Item 137], but Plaintiff again refused to clarify her pleadings [Docket Item 139]. Her Amended Complaint presently consists of an amalgam of labels and defendants, undifferentiated by counts or by the bases of a claim against any of the listed defendants.

In view of Plaintiff's protracted refusal to comply with its Orders calling for a more definite pleading, the Court, in its March 19, 2009 Opinion and Order [Docket Items 143 and 144] dismissed Plaintiff's Amended Complaint. The Court explained that "[a]lthough 'it is a power which is not to be exercised lightly,' Rule 12(e) 'confers power upon a court to dismiss a claim for failure to amend the pleadings as directed.'" (Docket

7

Item 143 at 14) (quoting <u>Schaedler v. Reading Eagle Publication, Inc.</u>, 370 F.2d 795, 797-98 (3d Cir. 1967)).

Recognizing the strong presumption in favor of trying cases on their merits, <u>see</u> <u>Scarborough v. Eubanks</u>, 747 F.2d 871, 878 (3d Cir. 1984), the Court looked to the factors set forth in <u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F.2d 863, 869 (3d Cir. 1984), to determine whether dismissal of Ms. Francis's Amended Complaint for failure to comply with the Court's Orders was appropriate, and found that all six factors weighed firmly in favor of dismissal:

> Plaintiff's unwillingness to file a pleading that complies with the Court's orders for a more definite statement makes plain that "the prejudice to the adversary caused by the failure [to comply with the Court's orders]," <u>Poulis</u>, 747 F.2d at 868, is extreme. This is because Defendants cannot, without being prejudiced, defend against the claims of a party whose allegations consist of no more than a recitation of "labels and conclusions." <u>Twombly</u>, 127 S. Ct. at 1965 . . . .
>
> Having rejected the services of pro bono counsel, as well as the explanations from the Court as to how she could bring her pleadings into compliance with the Federal Rules of Civil Procedure, Ms. Francis bears exclusive "personal responsibility" for her refusal to comply with the Court's orders. <u>Poulis</u>, 747 F.2d at 868 . . . .
>
> Plaintiff likewise has "a history of dilatoriness," which has caused this litigation to grind to a halt before it left the gate. <u>Id.</u> . . . .
>
> Most critically, Plaintiff's own filings make unmistakably plain that her refusal to comply with the Court's orders that she file a more definite statement is "willful or in bad faith." <u>Id.</u> . . . . In a series of letters and other filings [<u>e.g.</u>, Docket Items 120, 126, 139], Plaintiff makes clear that she understands that the

> Court has ordered her to file a more definite statement, but that she does not believe that the Court had the authority to impose such a requirement, or that she is simply unwilling to comply with the Court's orders because she disagrees with them . . . .
>
> Having undertaken extensive and varied efforts to enable Plaintiff to prosecute the remaining injunctive claims in this case to no avail, the Court is constrained to conclude that no alternative to dismissal exists. Poulis, 747 F.2d at 868 . . . . Moreover, this dismissal is not just a well-warranted sanction; it is a recognition that there simply is no way this case can proceed under the rules without a basic complaint . . . .
>
> [Finally, as to the whether Ms. Francis's claims have merit, id.,] [b]y definition, the present Amended Complaint does not show meritoriousness when one cannot divine what the claims are.

(Docket Item 143 at 15-24.)

With all six factors weighing in favor of dismissal, and unable to permit the case to proceed in the absence of a factually supported complaint, the Court dismissed Plaintiff's Amended Complaint. Plaintiff seeks reconsideration of this Order of dismissal, but, as the discussion below makes plain, has not shown that reconsideration is called for.

### III. DISCUSSION

#### A. Standard of Review

Local Civil Rule 7.1(i) governs the Court's review of Plaintiff's motion for reconsideration. Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision. L. Civ. R. 7.1(i). Whether to grant a

motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked.  See DeLong v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); see also Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).  To prevail on a motion for reconsideration, the movant must show either

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered."  P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted).

**B.   Analysis**

Plaintiff has identified no such "dispositive factual matters or controlling decisions of law" to justify reconsideration, id., and her motion will be denied.  The Court addresses Plaintiff's arguments in turn below.

Plaintiff first argues that her case should not have been

dismissed because she had attempted to appeal from this Court's non-final January 12, 2009 Order. The Court did not fail to consider this fact. Rather, as the Court explained in its January 26, 2009 Order:

> Although generally "the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal," an exception exists where a litigant seeks to appeal an order that is patently non-appealable. Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985) (citation omitted). As the Court of Appeals has explained, "the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable," because "a contrary conclusion would enable a litigant temporarily to deprive a district court of jurisdiction at any non-critical or critical juncture including trial itself, thus bringing proceedings in the district court to a standstill while a non-appealable ruling wends its way through the appellate process." Id. at 121 (citations omitted). Such interlocutory orders pertaining to refusal to recuse, denial of contempt, and orders for more specific statements of claims are appealable only after a final order has been entered pursuant to 28 U.S.C. § 1291[.]

(Docket Item 110 at 2-3.)

The January 26, 2009 Order made clear to Plaintiff that, in light of the fact that she had attempted to take an appeal from a non-appealable Order, proceedings in this case would not be stayed and that the Court's orders requiring her to file a more definite statement were "not impacted by Plaintiff's Notice of Appeal – Plaintiff must file a second amended complaint consistent with the Court's Opinions of October 7, 2008 and January 12, 2009 no later than February 2, 2009, or the Court

11

will strike Plaintiff's Amended Complaint and dismiss this action." (Id. at 3.)  Plaintiff ignored this Order, as well as numerous others, requiring her to finally identify each claim she is pursuing and to file a pleading with the bases for relief particularized as required by Rules 8 and 10, Fed. R. Civ. P. The Court thus did not overlook the factual or legal significance of Plaintiff's appeal in issuing its March 19, 2009 Opinion and Order; rather, the Court had addressed the fact of Plaintiff's notice of appeal and determined that proceedings in this matter would not be brought "to a standstill while a non-appealable ruling wends its way through the appellate process." Venen, 758 F.2d at 121.  Reconsideration based upon Plaintiff's attempt to appeal a non-appealable Order is not warranted.

Relatedly, Plaintiff argues that her case should not have been dismissed because she had filed a petition with the Court of Appeals seeking a writ of mandamus.[4]  This Court did not overlook the significance of this fact in dismissing Plaintiff's case for failure to file an amended pleading.  To the contrary, it is well-established that "[t]he district court does not lose jurisdiction over a case merely because a litigant files an interlocutory petition for an extraordinary writ." Ellis v. U.S.

---

[4] In her mandamus petition, Plaintiff sought an order from the Court of Appeals compelling Defendants to reinstate Plaintiff to her prior position in the National Guard.  (Docket Item 80 at 9.)

12

Dist. Court for Western Dist. of Washington (Tacoma), 360 F.3d 1022, 1023 (9th Cir. 2004) (en banc); Bates v. Sullivan, 6 Fed. Appx. 425, 427 n.1 (7th Cir. 2001) ("a petition for a writ of mandamus does not deprive a district court of jurisdiction over the underlying case"); Woodson v. Surgitek, Inc., 57 F.3d 1406, 1416 (5th Cir. 1995) ("If the district court or the court of appeals finds it appropriate to stay proceedings while a petition for mandamus relief is pending, such a stay may be granted in the court's discretion.  However, absent such a stay, the jurisdiction of the district court is not interrupted."). Neither this Court nor the Court of Appeals stayed the proceedings herein pending the disposition of Plaintiff's mandamus petition, and it was thus appropriate to require Plaintiff to file a factually supported pleading identifying each separate claim and the basis for each defendant's liability in order for the case to proceed, and to dismiss Plaintiff's case upon her persistent and willful refusal to do so.  See Schaedler, 370 F.2d at 797-98.

    Plaintiff next argues that dismissal was inappropriate on account of the fact that three unrelated motions were pending at the time the Court entered its March 19, 2009 Opinion and Order. The motions in question were Plaintiff's "motion for fraud and false official statements," in which Plaintiff "move[d] for a finding of fraud and falsifying official statements" by former

13

defense counsel, (Docket Item 66 at 1); Defendants' motion to adjourn the final pretrial conference [Docket Item 121]; and Plaintiff's motion to deny Defendants' motion to adjourn the final pretrial conference [Docket Item 129].

   The Court did not overlook the significance of these filings in rendering its March 19, 2009 decision.  As to Plaintiff's motion targeting the allegedly improper conduct of a former Assistant United States Attorney, whose representation of Defendants ceased six months before Plaintiff filed her "motion for fraud and false official statements," (Docket Item 41 at 1), the Court explained in the March 19, 2009 Opinion that Plaintiff's assertions concerning the previous AUSA did not relieve Ms. Francis of her burden to file a pleading that complies with Rule 8, because statements concerning "perceived misconduct by former <u>defense counsel</u> . . . do not clarify the nature of Plaintiff's allegations against <u>Defendants</u>."  (Docket Item 143 at 17 n.11) (emphasis in original).  As for the parties' cross-motions concerning the final pretrial conference, the fact that such motions were pending at the time this case was dismissed is irrelevant, since no final pretrial conference could take place in a case in which the plaintiff failed to file a basic, factually supported complaint.  The Court did not overlook the significance of these filings in rendering its March 19, 2009 decision, and reconsideration on this basis is not called for.

14

In urging reconsideration, Plaintiff next rehashes her argument, addressed repeatedly by this Court in the year since this case was remanded, that the Court of Appeals had already found that the Amended Complaint contains sufficient factual matter to state a claim.  Reconsideration on this basis is unwarranted.  First, Plaintiff's erroneous argument concerning the decision of the Court of Appeals has been considered and reconsidered throughout these proceedings, including in the March 19, 2009 Opinion, and is thus not a "decision[] of law . . . [that was] brought to the court's attention but not considered." Schoenfeld, 161 F. Supp. 2d at 353 (emphasis added).  More fundamentally, as the Court has repeatedly explained, the argument is meritless.  As this Court noted in its March 19, 2009 Opinion, "[t]he Opinion of the Court of Appeals speaks for itself: 'the District Court may wish to examine the complaint for compliance with Federal Rule of Civil Procedure 8.'"  (Docket Item 143 at 12 n.7) (quoting App. No. 06-4246, Mar. 3, 2008 Opinion at 4).

Finally, in her Reply Brief in support of her motion for reconsideration, Plaintiff raises several inconsequential observations, such as her belief that defense counsel "wasn't prepared for the pretrial conference twice" and the fact that Defendants listed an incorrect case number on their submissions.  (Pl.'s Reply Br. at 1.)  These arguments are obviously frivolous

15

and afford no basis for reconsideration.  See  Schoenfeld, 161 F. Supp. 2d at 353 (movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered" to justify reconsideration) (emphasis added).  Finding that Plaintiff has failed to show the "need to correct a clear error of law or fact or to prevent manifest injustice," Max's Seafood Café, 176 F.3d at 677, the Court will deny her motion for reconsideration.

**IV.  CONCLUSION**

For the reasons explained above, the Court will deny Plaintiff's motion for reconsideration.  The accompanying Order is entered.


**June 24, 2009**                                   **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             United States District Judge